**U.S. COMMODITY FUTURES TRADING COMMISSION**
140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9700
Facsimile:  (646) 746-9940

Division of
Enforcement

March 12, 2021

**BY ECF AND EMAIL**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

**RE:** **Commodity Futures Trading Commission v. Casper Mikkelsen a/k/a "Carsten Nielsen," a/k/a "Brian Thomson," a/k/a "Thomas Jensen" and a/k/a "Casper Muller," Defendant, Civil Action 1:20-cv-03833, Hon. John P. Cronan**

Dear Judge Cronan,

I am a trial attorney with the Division of Enforcement of the United States Commodity Futures Trading Commission ("Commission") and I am an attorney of record in the above-referenced case. As instructed by your Honor at the hearing on March 8, 2021, the Commission provides in this letter caselaw in the United States District Court for Southern District of New York ("Southern District") supporting an order mandating Defendant Casper Mikkelsen to pay a civil monetary penalty ("CMP") of triple the monetary gain from this fraudulent scheme.

As discussed in the Declaration of James G. Wheaton at pp. 23-24, the Court should fashion a CMP based on the gravity of the offenses and the sufficiency of the CMP to act as a deterrent. The Commission respectfully submits that the caselaw in the Southern District amply supports a CMP of triple the monetary gain based on the egregiousness of Defendant Mikkelsen's conduct and the likelihood that this penalty will act as a deterrent to future fraudulent conduct by Defendant Mikkelsen in markets regulated by the Commission.

The Southern District has considered numerous factors in determining whether a CMP of triple the monetary gain based on a defendant's gain is warranted. For example, in one opinion, the Southern District held that a CMP of triple the monetary gain is appropriate where defendants ran a fraudulent solicitation scheme to induce clients to invest to their detriment, hid the nature of their scheme using some of client's funds to pay profits or returns to clients in the nature of a Ponzi scheme, and offered no reasons for leniency. *CFTC v. 4x Solutions, Inc.*, No. 13 Civ. 2287 (RMB-FM), 2015 WL 9943241, at *4 (December 28, 2015) (the Court found that over the course of approximately two years, defendants fraudulently solicited at least 19 clients to trade forex in violation of 7 U.S.C. §§ 6b(a)(2)(A), (B), (C), and ordered a CMP of triple their gains in the amount of $8,235,678).

March 12, 2021
Page 2

The Southern District also considered a CMP of triple the monetary gain justified where defendants conducted no trading, paid fictitious profits, misappropriated clients' funds for personal purposes, and issued false account statements. *CFTC v. ESJCapital Management, LLC.*, No. Civ. 3107 (CM), 2015 WL 13359358, at *10 (S.D.N.Y. 2015 December 18, 2015) (the Court found that for approximately two years defendants fraudulently obtained more than $2 million from at least 90 customers to trade forex in violation 7 U.S.C. § 6b(a)(2)(A), (B), (C) and 17 C.F.R. § 5.2(b); 7 U.S.C. § 6m(1) and 7 C.F.R. §§ 5.3(a); and 7 U.S.C. § 6*o*(1), and ordered defendants to pay a CMP in the mount of $7,063,825.08).

Still in another case, the Southern District ordered a CMP of triple the monetary gain where defendants had failed to deny that they repeatedly violated "core" provisions of the Commodity Exchange Act (the "Act"). *CFTC v. SK Madison Commodities*, LLC, No. 14 Civ. 02025(SHS), 2014 WL 3887755, at *5 (S.D.N.Y. June 9, 2014) (the Court found that defendants had defrauded 27 victims and defendants misappropriated over $828,955 of their funds in connection with trading commodity futures contracts, thereby violating 7 U.S.C. §§ 6b(a)(l)(A), (B), (C); 6m(l); and 6*o*(l)), and ordered defendants to pay a CMP in the amount of $2,486,865.57).

Defendant Mikkelsen's egregious conduct in his fraudulent scheme satisfies the type of factors considered in *4x Solutions*, *ESJCapital*, and *SK Madison*. Defendant Mikkelsen made false solicitations to clients, misrepresenting to them that that he would open individual accounts in their names and would trade their accounts in forex through GNTFX, a purported broker providing services to the retail public. He hid the nature of his scheme using the GNTFX website to make multiple misrepresentations to clients, created false trading histories that clients relied on in making their investments, and made available to clients false account statements showing false profits and losses. He then used clients' funds to pay certain clients purported forex trading profits, as is typical in a Ponzi scheme. Defendant Mikkelsen created false trading histories and provided clients with false accounts statements to lead clients to believe they had trading accounts and that their accounts were being traded by him in forex. In fact, GNTFX was not a broker, there were no accounts, and there was no trading. Defendant Mikkelsen simply misappropriated clients' funds, including funds for his personal use. In doing so, Defendant Mikkelsen violated the same core fraud provisions of the Act with the same type of egregious conduct that led the Court in *4x Solutions*, *ESJCapital*, and *SK Madison* to order defendants to pay a CMP of triple the monetary gain.

To this day, Mikkelsen has offered no reason for leniency. To the contrary, Defendant Mikkelsen has failed to answer, move, make an appearance, contact the Court, or the Commission even though he has had ample notice of the facts and charges against him and of the filings in this case. Defendant Mikkelsen has instead decided to flout the Court's authority, make no appearance, and show no remorse for his fraudulent conduct including his misappropriation of his clients' funds, which resulted in a loss of at least $1,191,286.87 to 106 of his clients.

In conclusion, for the foregoing reasons Defendant Mikkelsen's egregious fraudulent solicitations, misrepresentations, misappropriation of clients' fund, Ponzi-like payments and

March 12, 2021
Page 3

false statements satisfy the types of factors considered by the Southern District and involve the same violations of the Act found in the court opinions cited above. Therefore, a CMP of triple the monetary gain to Defendant Mikkelsen, $3,573,860.61, is appropriate.

        Respectfully Submitted,

        */s/Xavier Romeu-Matta*
        Xavier Romeu Matta
        Trial Attorney
        Division of Enforcement
        (202) 352-0099
        Xromeu-matta@cftc.gov


Cc:    Casper Mikkelsen/Casper Muller
        Steve Ringer, Chief Trial Attorney
        James Wheaton, Senior Trial Attorney
        Judith M. Slowly, Futures Trading Investigator