UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                                  :

COMMODITY FUTURES TRADING COMMISSION,  :

                          Plaintiff,

                                             20 Civ. 3833 (JPC)

     -v-

                                             ORDER

CASPER MIKKELSEN, *also known as* Carsten Nielsen,
*also known as* Brian Thomson, *also known as* Thomas
Jensen, *also known as* Casper Muller,

                          Defendant.

-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        The Commodity Futures Trading Commission ("CFTC") has moved for default judgment against Casper Mikkelsen. Dkt. 36. Before the Court can enter judgment, it requires supplemental briefing on a few issues.

        Rule 4(f)(1) of the Federal Rules of Civil Procedure provides that an individual may be served outside of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Article 10(a) of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15 1965 ("Hague Service Convention"), 20 U.S.T. 361, provides that the Hague Service Convention "shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." *Id.* at 363. The CFTC argues that service was proper here under Article 10 because the amended summons, Dkt. 17, and Complaint, Dkt. 1, were "personally served on Defendant Mikkelsen in Denmark, via DHL International ('DHL'), an

international shipping and mail delivery service." Dkt. 36-1 ¶ 5.[1]

"[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017). The CFTC has pointed the Court to authority suggesting that the first condition is met because Denmark has not objected to service by mail. *See* Dkt. 36-1 ¶ 7. However, the CFTC has failed to explain why "service by mail is authorized" under Danish law. *Water Splash, Inc.*, 137 S. Ct. at 1513.

One court has concluded that it is. *See Densys Ltd. v. 3Shape Trios A/S*, 336 F.R.D. 126, 130-31 (W.D. Tex. 2020). In *Densys Ltd.*, on which the CFTC relies, *see* Dkt. 36-1 ¶ 8, the corporate defendants argued that service by mail was improper under Danish law. *Id.* at 129. The court disagreed and held that service was proper. *Id.* at 131. In reaching this conclusion, the court relied on a "signed Declaration from an experienced Danish lawyer and lecturer providing English translations of applicable Danish statutes" and a "certified translation of a ruling from the Danish Maritime and Commercial Court." *Id.* Specifically, it reasoned that service by mail was proper in that case due to several provisions of Danish law: sections 155, 157 a, and 163(2) of Chapter 17 of the Administration of Justice Act.

But only one of these, section 155, appears relevant here. According to the defendants' expert in *Densys, Inc.*, Kenneth Kvistgaard-Aaholm, section 157 a discusses service on corporations and other entities, not individuals. *See* Declaration of Kenneth Kvistgaard-Aaholm ("Kvistgaard-

---

[1] Although the CFTC says that Mikkelsen was "personally served," Dkt. 36-1 ¶ 5; 3/8/2021 Tr. at 5, it relies solely on the theory that service was proper by means of postal channels pursuant to Article 10(a) of the Hague Service Convention. The CFTC does not argue that service was proper by means of personal service.

Aaholm Decl.") at 6, *Densys Ltd. v. 3Shape Trios A/S*, No. 6:19 Civ. 680 (ADA) (W.D. Tex Feb. 20, 2020), Dkt. 10-1.  And Section 163(2) appears inapplicable on a default judgment motion.  According to Kvistgaard-Aaholm's translation, section 163(2) states: "[I]f the document to be served has been received by the recipient, the document is regarded as having been served, even if the service has not been effected in compliance with the rules set out in Sections 155-157 a."  *Densys, Ltd.*, 336 F.R.D. at 131 (quoting Kvistgaard-Aaholm Decl. at 9).  Because in *Densys, Ltd.*, "[b]oth parties appear[ed] to agree that [d]efendants received [p]laintiff's service," the court reasoned that section 163(2) applied.  *Id.*  That is not the case here because Mikkelsen has not appeared.

Thus, section 155 is the only provision on which the court in *Densys, Ltd.* relied that seems applicable here.  "Section 155 provides that service may be effected by 'forwarding a document to the person concerned by letter as recorded delivery (service by post).'"  *Id.* (quoting Kenneth Kvistgaard-Aaholm Decl. at 5).  At first glance, this seems to authorize service by mail.  But it also raises a few questions.  First, accepting the *Densys, Ltd.* translation as accurate, it is unclear what is meant by "recorded delivery" under Danish law.  Second, it is uncertain whether "service by post" would include international courier services, like DHL, or only the Danish postal service.  Third, section 155 appears to be in some tension with other authority.  For example, as the CFTC recognizes, Denmark's official response to the Hague Service Convention noted that even though "Denmark has not declared that it objects to" service by means of postal channels as articulated in Article 10(a), this "does not imply that such method is valid service in Denmark" because "Danish Courts have not yet had the opportunity to rule on this matter."  Dkt. 36-1 ¶ 7 (quoting  Letter from Monica Lange, Ministry of Just., Kingdom of Denmark, Concerning the Revision of the Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad

3

of Judicial and Extrajudicial Documents in Civil or Commercial Matters 3 (Oct. 3, 2003)).

Further briefing of these issues is thus warranted. By June 15, 2021, the CFTC shall submit a letter, no more than five pages in length, addressing whether service by mail is authorized under Danish law.[2] The CFTC may attach supporting exhibits to this letter. Any materials in the Danish language should be accompanied by certified English translations. If the CFTC requires additional time to submit this letter and any accompanying materials, it may request an extension pursuant to 3.B of the Court's Individual Rules and Practices in Civil Cases.

It is further ordered that the CFTC serve Defendant via overnight courier with a copy of this Order within two business days of the date of this Order. Within two business days of service, the CFTC must file proof of such service on the docket.

SO ORDERED.

Dated: June 1, 2021
New York, New York

JOHN P. CRONAN
United States District Judge

---

[2] The CFTC argues that service was proper under Rule 4(f)(1) of the Federal Rules of Civil Procedure. *See* Dkt. 36-1 ¶ 5 n.1; 3/8/2021 Tr. at 4. However, some courts have said that service by mail "cannot be a predicate for Rule 4(f)(1) service" because "[t]he Supreme Court has made clear that the Hague Service Convention permits but does not 'authorize' service by mail." *La Dolce Vita Fine Dining Co. v. Zhang Lan*, No. 19 Misc. 536 (ALC), 2020 WL 7321366, at *5 n.6 (S.D.N.Y. Dec. 11, 2020) (citing *Water Splash, Inc.*, 137 S. Ct. at 1513). The CFTC should also clarify this.