

**U.S. COMMODITY FUTURES TRADING CFTCCFTC**

140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9700
Facsimile:  (646) 746-9940

Division of
Enforcement

August 13, 2021

**BY ECF AND EMAIL**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

        RE:    Commodity Futures Trading Commission v. Casper Mikkelsen, Civil Action
               1:20-cv-03833 (JPC)

Dear Judge Cronan,

      I am an attorney of the United States Commodity Futures Trading ("CFTC") and I submit this letter in response to this Court's Order dated June 1, 2021, (ECF No. 48) ("Order") addressing the Court's inquiry whether Defendant Mikkelsen was properly served by mail, in this case by DHL International ("DHL"), pursuant to the Federal Rules of Civil Procedure ("Rule(s)") and Danish law ("Letter Brief"). As set forth below, the CFTC submits that service by DHL was proper under Rules 4(f)(2)(A) and 4(f)(2)(C)(i)[1] and Danish law. Alternatively, the

---

[1] Under Rule 4(f)(1), the means of service used must be authorized under the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents ("Hague Convention") and Courts have concluded that service by mail is authorized under Article 10(a) of the Hague Convention. *Ackermann v. Levine*, 788 F.2d 830, 834 (2d Cir. 1986) (service by registered mail satisfies the Hague Convention and constitutional due process); *EOI Corp v. Medical Marketing Ltd*, 172 F.R.D. 133, 137 (D. NJ. 1997) ("led by the Second Circuit Court of Appeals and followed by a host of other jurisdictions, is the position that Article 10(a) contemplates and authorizes service of process by mail…"); *Eli Lilly and Company v. Roussel Corp*, 23 F.Supp.2d 460, 471 (D. NJ. 1998). Accordingly, it is certainly within the purview of this Court to conclude Mikkelsen was properly served under Rule 4(f)(1). However, the CFTC also recognizes that other courts have adopted a contrary interpretation that service by mail cannot be a predicate for Rule 4(f)(1) because the Hague Convention "permits" but does not authorize service by mail under Article 10(a). *La Dolce Vita Fine Dining Co. v. Zhang Lan*, No. 19 Misc. 536 (ALC), 2020 WL 7321366, at *5 n.6 (S.D.N.Y. Dec. 11, 2020) (citing *Water Splash, Inc. v. Menon*, 137 S. Ct 1504, 1513 (2017).  Accordingly, in order to eliminate any doubt that Defendant Mikkelsen was properly served, this letter provides ample and uncontroverted support for a finding of proper service under Rules 4(f)(2)(A) and (C)(i).

August 13, 2021
Page 2

CFTC requests the Court grant an order, *nunc pro tunc*, retroactively approving service of Mikkelsen by DHL under Rule 4(f)(3).

1. **Rule 4(f)(2)(A)**

Rule 4(f)(2)(A) states that "unless federal law provides otherwise, an individual…may be served at a place not within any judicial district of the United States… if there is no internationally agreed means, or if any international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice… as prescribed by the foreign country's law for service in that country in action in its courts of general jurisdiction." Following the Supreme Court's decision in *Water Splash*, 137 S. Ct. at 1513, this Court has held that service by mail under Article 10(a) of the Hague Convention is proper under Rule 4(f)(2)(A) if the receiving state has not objected to service by mail and such service is allowed as prescribed under otherwise-applicable law. *See Appel v. Hayut*, No. 20-cv-6265 (JPC), 2020 WL 7211212, at *2 (S.D.N.Y. Dec. 7, 2020) (foreign service by mail was proper because Israel did not object to Article 10(a) of the Hague Convention and service by mail was allowed as prescribed by Israeli law, thereby satisfying Rule 4(f)(2)(A)); *In re Coudert Brothers LLP*, 16-CV-8237 (KMK), 2017 WL 1944162, at *11-12 (S.D.N.Y. May 10, 2017) (service by mail was allowed as prescribed by 4(f)(2) where such service was appropriate in Hong Kong, the recipient state).

As discussed in the Default Judgment Motion, a copy of the Amended Summons and Complaint were served on Defendant Mikkelsen in Denmark, via DHL. (ECF No. 22, Declaration of Xavier Romeu-Matta in support of Certificate of Service); (Slowly Default Decl. ¶¶ 9, 10, 11; Ex. 4). Thus, as discussed below, since Denmark has not objected to service by mail under Article 10(a) of the Hague Convention and Danish law allows such service by mail, Rule 4(f)(2)(A) is satisfied.

**Denmark has not Objected to Service by Mail**

While signatories to the Hague Convention can object to service by mail under Article 10(a), Denmark has not done so. Denmark's official response to the Hague Convention states that "[a]s for article 10(a) Denmark has not declared that it objects to this method of transmission." *See* Letter dated October 3, 2003 from the Ministry of Justice of the Kingdom of Denmark in reply to the 2003 Service Convention Questionnaire from the Hague Conference on Private International Law concerning the revision of the Practical Handbook on the Operation of the Hague Convention, ("Denmark Letter") at 3, *available at* https://www.hcch.net/upload/wop/lse_dk.pdf; *see also* Declaration of Kenneth Kvistgaard-Aaholm in Support of the Letter Brief ("Aaholm Decl." ¶ 9) ("to date, the Danish Ministry of Justice, the Central Authority designated by Denmark under Article 5 of the Hague Convention, has not revoked its statement that Denmark has not objected to service by postal channels under Article 10(a) of the Hague Convention."). Consequently, service by mail, here DHL,[2] on Mikkelsen satisfies the first prong of *Water Splash* and its progeny in this district.

---

[2] In Denmark, DHL is "one of the functional equivalents of service by mail" ("Aaholm Decl." ¶ 14); *see Densys Ltd. v. 3Shape Trios* A/S, 336 F.R.D. 126, 130-31 (W.D. Tex. 2020) (service of summons and complaint by federal express in Denmark satisfies the service by mail requirement

August 13, 2021
Page 3

### Service by DHL Under Danish Law

As set forth in the Aaholm Decl., service by DHL is allowed as prescribed by Danish law under section 163(2) of the Administration of Justice Act of Denmark (the "Act"), the statute governing service of process in Denmark. (Aaholm Decl. ¶¶ 14-18)[3]

Section 163(2) provides that "[i]f the document to be served has been *received* by the recipient, the document is regarded as having been served, even if service has not been effected in compliance with the rules set out in sections 155-157a." (Aaholm Decl. at ¶ 14). The Aaholm Decl. notes that "[s]ection 163(2) has "'transformed the [older formal Danish service provisions in sections 155-157a] to a general rule requiring proof of personal receipt regardless of form' … thereby providing a flexible and pragmatic rule of service." (Aaholm Decl. at ¶ 15). In practice before Danish courts, "[i]t seems unreasonable that a case must be deferred in order to serve the document once again, in instances where the document in question undoubtedly has been received by the relevant person." (Aaholm Decl. at ¶ 15). Hence, "receipt and not the form or method of delivery is the key to effective service of process under Danish law." (Aaholm Decl. at ¶ 15.[4]

"In determining whether service is effective under section 163(2), Danish courts consider a wide range of evidence of receipt." (Aaholm Decl. ¶ 16). For example, in finding that service of summons for trial had been received by appellant as required under section 163(2), the Danish High Court considered as relevant, evidence that: (a) ordinary letters, no signature required were sent to the appellant's private address; (b) telephone calls to appellant, answered by his spouse/partner, and (3) a fax letter sent to a fax number previously used by appellant. (Aaholm Decl. ¶ *Id*.). It is not surprising therefore that in Denmark service of process can be effected by any means that evidence receipt, including DHL. (Aaholm Decl. ¶ 14-15).

Here, the undisputed facts overwhelmingly demonstrate that Mikkelsen received the amended summons and complaint. The facts set forth in the CFTC Default Judgment Motion

---

of Rule 4(f)(2)(C)(ii)); *see also* Conclusions and Recommendations of the Special Commission on the Practical Operation of the Hague Apostille, Evidence and Service Conventions (Oct. 28 to Nov. 4, 2003) ("Special Commission"), ¶¶ 1, 55-56 ("for purposes of Article 10(a) the use of a private courier [is] the equivalent of [a] postal channel.")).

[3] The Court also asked the CFTC to provide additional briefing whether service by DHL satisfied the service requirements of Article 155(1)(4) of the Act. As explained in the Aaholm Dec., Section 155 (1)(4) requires the use of a specific Danish postal form and that the envelope containing the service documents bear a stamp provided by the Danish postal service. (Aaholm Decl. ¶¶ 11). These requirements therefore are not satisfied by DHL delivery.

[4] In its Order, the Court notes that Article 163(2) "appears inapplicable on a default judgment motion" because in *Densys* "`[b]oth parties appear[ed] to agree that [d]efendants received [p]laintiff's service.'" Order, p. 3. Although the facts presented here are, as noted by this Court, different from those in *Densys*, 336 F.R.D. at 131, there is no requirement under Danish law for a party to appear in an action in order to acknowledge receipt under 163(2) (Aaholm Decl. ¶ 18).

Page 4

August 13, 2021
Page 4

establish that Danish regulators provided to the CFTC Defendant's bank records showing Defendant's change of name and home address ("Home Address") (ECF Nos. 22, 22-1, 22-2, 36-1 ¶¶ 9-12, and 36-2, ¶¶ 7-9); on July 1, 2020, a DHL courier went to Defendant's Home Address and personally handed the letter-envelope containing the copy of the Amended Summons and Complaint to a person who identified himself as Casper Muller (ECF Nos. 22, 22-1, 22-2, and 22-3); and due to DHL Covid restrictions in place on July 1, 2020, the DHL courier contemporaneously and personally entered Casper Muller's signature onto DHL records attesting to delivery of the amended summons and complaint (ECF No. 22-1; 22-3); (*see* Declaration of Xavier Romeu-Matta ("Matta Decl." ¶ 4). And, as recently as of this month, Danish Government records and Danish Regulators have confirmed that Defendant's name and Home Address are still the same. (Aaholm Decl. ¶ 19); (Matta Decl. ¶¶ 5-6).

Accordingly, there is sufficient evidence that Mikkelsen did in fact receive the amended summons and complaint and that Article 163(2) has therefore been satisfied. (Aaholm Decl. ¶ 17) ("As an experienced litigator and lecturer in Danish law, this would be considered sufficient evidence of effective personal service under section 163(2) in Danish litigation.").

### 2. 4(f)(2)(C)(i)

Rule 4(f)(2)(C)(i) permits service by "delivering a copy of the summons and of the complaint to the individual personally," "unless prohibited by the foreign country's law" and "if international agreement allows but does not specify other means." *Convergen Energy LLC v. Brooks*, 20-cv-3746 (LJL), 2020 WL 4038353, at *10 (S.D.N.Y. Jul. 17, 2020). The facts and circumstances presented here, namely, that DHL personally served the amended summons and complaint on Mikkelsen at his confirmed Home Address, under Danish law, is sufficient evidence of effective personal service under section 163(2), and therefore satisfied Rule 4(f)(2)(C)(i) (Aaholm Decl. ¶ 17).

### 3. Rule 4(f)(3)

In the alternative, if the Court considers service on Defendant deficient, the CFTC respectfully submits that the remedy is to order an alternative method of service under Rule 4(f)(3). Rule 4(f)(3) authorizes federal district courts to order any form of service not otherwise prohibited by international agreement[5] that comports with constitutional notions of due process. *Convergen* 2020 WL 4038353, at *4; *La Dolce Vita Fine Dining Co.* 2020 WL 7321366, at *5 n.6. While there is no requirement that a party exhaust efforts to effect service pursuant to Rules 4(f)(1) or 4(f)(2) before seeking alternative service under Rule 4(f)(3), some courts will permit alternative service only where the moving party shows that it "has reasonably attempted to effectuate service on the defendant," and that "the circumstances are such that the court's intervention is necessary." *Convergen* 2020 WL 4038353 at *4. In addition, Courts have granted orders *nunc pro tunc* retroactively approving service under Rule 4(f)(3). *Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, No. 03-cv-8554 (LTS)(JCF), 2005 WL 1123755, at *5

---

[5] Denmark is not a party to any international agreement prohibiting service via DHL (Aaholm Decl. ¶ 13) and the CFTC is not aware of any international agreement to which the United States is a party prohibiting service by DHL.

August 13, 2021
Page 5

(S.D.N.Y. May 11, 2005) (granting plaintiff's motion to declare previous service by DHL valid *nunc pro tunc* where service had been received by defendant); *Marks v. Alfa Group,* 615 F.Supp.2d 375, 380 (E.D.Pa.2009) (service ordered *nunc pro tunc* by FedEx under Rule 4(f)(3) after defendant received service as shown by a signed receipt); *Kaplan v. Hezbollah*, 715 F.Supp.2d 165 (Dist. Col. June 7, 2010) (requiring evidence of receipt of actual notice before authorizing service *nunc pro tunc* under Rule 4(f)(3)).

      Here, an order, *nunc pro tunc*, retroactively approving service of Mikkelsen by DHL under Rule 4(f)(3) is justified because: (1) constitutional notions of due process have been satisfied since the evidence demonstrates that Mikkelsen was personally served; and (2) on May 18, 2020, the CFTC was informed by a representative from the Danish Ministry of Justice that due to Covid related restrictions it would take the Central Authority in Denmark up to eight months to serve the summons and complaint under Article 5 of the Hague Convention. (Matta Decl. ¶ 3). Accordingly, a delay of this length to serve an individual who has already received the complaint but refused to appear would cause further unnecessary delay warranting Court intervention under Rule 4(f)(3). *See Stream SICAV v. Wang*, 989 F.Supp.2d 264, 280 (S.D.N.Y. 2013) (ordering alternative service where requiring service under the Hague Convention could delay the resolution of the case "for many months").

      If, however, the Court deems service to be deficient and does not retroactively approve service *nunc pro tunc*, the CFTC seeks authorization under Rule 4(f)(3) to serve Mikkelsen by international courier service at his confirmed Home Address, by email to Mikkelsen's confirmed and current email address, by publication where Mikkelsen resides, (Matta Decl. ¶¶ 5-7); *see, e.g., CKR Law LLP v. Anderson Investments International, LLC*, __F.Supp.3d __, No. 20 Civ 7937 (JSR), 2021 WL 935843, at *4 (S.D.N.Y. Mar. 12, 2021) (authorizing service by email to one foreign defendant); *U.S. v. Besneli*, No. 14 Civ. 7339 (JFK), 2015 WL 47455533, at *2 (S.D.N.Y August 12, 2015) (ordering service by publication "as a sensible set of suspenders" in addition to service by mail where defendant has some knowledge of the suit against him," and service cannot be accomplished by "more traditional means."), and/or via Article 5 of the Hague Convention. Accordingly, each of these methods complies with constitutional notions of due process, ensuring that Defendant will be apprised of this lawsuit.

                                                                               Respectfully Submitted,

                                                                               */s/Xavier Romeu-Matta*
                                                                               Xavier Romeu Matta
                                                                               Trial Attorney
                                                                               Division of Enforcement
                                                                               (202) 352-0099
                                                                               Xromeu-matta@cftc.gov

Cc:     Casper Mikkelsen/Casper Muller