# EXHIBIT 1

# Aaholm Declaration

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>-v-<br><br>CASPER MIKKELSEN, *also known as* Carsten Nielsen, *also known as* Brian Thomson, *also known as* Thomas Jensen, *also known as* Casper Muller,<br><br>Defendant. | 20 Civ. 3833 (JPC) |

**DECLARATION OF KENNETH KVISTGAARD-AAHOLM IN SUPPORT
OF THE LETTER BRIEF**

I, Kenneth Kvistgaard-Aaholm, declare as follows:

1. I am a partner at the law firm Gorrissen Federspiel. I am admitted to the Danish Bar and have continuously practiced law in Denmark for over 19 years. In addition to my legal practice, I have lectured on Danish law and its application for over a decade at Aarhus University and at the Danish Institute for IP Rights Training (DIFI).

2. I make this declaration in support of Commodity Futures Trading Commission's ("CFTC") Letter Brief.

3. Attached as Exhibit A is a certified translation of an excerpt of Denmark's Administration of Justice Act (Bekendtgørelse af lov om rettens pleje (Retsplejeloven) LBK nr. 938 af 10/09/2019 – Justitsministeriet) (the "Act") and an excerpt of Denmark's Administrative Order on Service (Bekendtgørelse om forkyndelse BEK nr. 816 af 25/06/2013) ("Administrative Order").

4. Attached as Exhibit B is a certified translation of the judgment of 6 June 1991 from the Danish High Court (case no. U 1991.725/1 V).

5. Attached as Exhibit C is a certified translation of excerpts from an article by Jens K. A. Dinesen in the periodical *Juristen* 1986.

6. Attached as Exhibit D is a certified translation of excerpts of comments on section 163(2); bill introducing Act. No 66 of 8 March 1972.

7. The Court has asked the CFTC to provide additional briefing on whether service by mail is authorized under Danish law. As such, I have analyzed the terms under the Hague Convention and Danish law, including section 155 and 163(2) of the Administration of Justice Act and relevant caselaw.

8. In its official 2003 letter to the Hague Convention, the Danish Ministry of Justice states, in relevant part, that:

> "As for Article 10 (a) Denmark has not declared that it objects to this method of transmission. However, this does not imply that such method is valid in Denmark. The Danish courts have not yet had the opportunity to rule on the matter." *See* Letter from Monica Lange, Ministry of Just., Kingdom of Denmark, Concerning the Revision of the Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters 3 (Oct. 3, 2003) (the "Letter"). Available at https://www.hcch.net/upload/wop/lse_dk.pdf; *see also* https://www.hcch.net/en/states/authorities/details3/?aid=403.

9. To date, the Danish Ministry of Justice, the Central Authority designated by Denmark under Article 5 of the Hague Convention, has not revoked its statement that Denmark has not objected to service by postal channels under Article 10(a) of the Hague Convention.

10. Section 155(1)(4) states, in relevant part, that:

> "… Service of the document to be accompanied by any exhibit may be effected … 4) by forwarding the document to the person concerned by letter as recorded delivery (service by post) …. *See* Ex. A.

11. Under section 155(1)(4), service of litigation documents in Danish litigation is effective only where the document to be served is sent to the defendant by letter as recorded delivery. Under section 155 (4) and section 10 of the Administrative Order no. 816 of 29 June 2013, service by letter as recorded delivery (service by post), requires (a) the use of a specific Danish postal form, and (b) stamping the envelope containing the documents with the word "Postforkyndelse" ("Service by post" in Danish). The form and the stamp are only available from the Danish national postal service ("Post Nord"). For these reasons, service of the amended summons and complaint by DHL does not comply with section 155(1)(4).

12. I understand that under U.S. law the decisive issue with respect of service on a foreign defendant is whether "two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise applicable law." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017). *See* Court Order page 2. I also understand that, alternatively, under U.S. law, service by mail is appropriate where the recipient country, Denmark, allows service by mail in an action brought in its courts of general jurisdiction.

13. In this case, the CFTC satisfies the first condition. As noted above at paragraphs 8-9, Denmark has to date not objected to service by mail under Article 10(a) of the Hague Convention. Further, other than the Hague Convention, Denmark is not a party to any international agreement regulating service by mail or private courier.

14. The CFTC also satisfies the second condition. In Danish litigation, service by mail -- and here by DHL International, one of the functional equivalents of service by mail in Denmark -- is effective under section 163(2) of the Act. Section 163(2) states that:

> "If the document to be served has been *received* by the recipient, the document is regarded as having been served, even if service has not been effected in compliance with the rules set out in sections 155-157a." See Ex. A (Emphasis added).

15. Section 163(2) "has transformed the [older formal Danish service provisions in sections 155-157] to a general rule requiring proof of personal receipt regardless of form" *see* Jens K. A. Dinesen in the periodical *Juristen* 1986, at page 134, Ex. C, thereby providing for a flexible and pragmatic rule of service. As an experienced practicing attorney and lecturer on Danish law, I can confirm that Danish litigators currently rely on section 163(2) to effect service in Danish civil litigation and that service by mail under section 163(2) is satisfied where the evidence provides that the document has been received by the defendant, even where service has not been made pursuant to the formal rules for service set forth in sections 155-157a. This practice finds its origins in the preparatory works to the bill introducing the amendment to the Act that adopted section 163(2). The preparatory works provide that one of the purposes of section 163(2) was to move away from and avoid a formalistic approach to service of documents: "It seems unreasonable that a case must be deferred in order to serve the document once again, in instances where the document in question undoubtedly has been received by the relevant person." *See* Ex. D. Thus, under section 163(2), service under Danish law can be made through any form of communication, including private international courier services such as DHL, as long as it can be shown that the document in question has been received by the recipient. I can attest that receipt and not the form or method of delivery is decisive for effective service of process under Danish law. General principles in Danish litigation place the burden of proof on the party claiming service was effective.

16. In determining whether service is effective under section 163(2), Danish courts consider a wide range of evidence of receipt. For example, in the judgment of 6 June 1991 from the Danish High Court (case no. U 1991.725/1 V) (Ex. B), the Court found that service of a summons for trial was received. The Court reached this conclusion on the basis of

the following facts: three ordinary letters (for which no signature was required) were sent to appellant's private address; calls made to the appellant that were answered by the appellant's spouse/partner;d a letter by fax was sent to a fax number previously used by the appellant.

17. In this case, the CFTC has presented more conclusive evidence that Defendant received the summons and complaint.  The CFTC has shown that a DHL courier went to Defendant's home address and personally handed the DHL letter containing a copy of the amended summons and complaint to a person who identified himself as Casper Muller and that due to restrictions in place at the time the DHL courier immediately and personally entered Casper Muller's signature into DHL records thereby confirming delivery of the amended summons and complaint to Casper Muller.  As an experienced litigator and lecturer in Danish law, this would be considered sufficient evidence of effective personal service under section 163(2) in Danish litigation.  To hold otherwise, would run counter to the legislative history of section 163(2) and its instruction that litigation not be prevented from going forward where "the document in question undoubtedly has been received by" Defendant.

18. In its order, the Court states that section 163(2) appears inapplicable because Defendant has not appeared in court. While I mentioned appearance in court as relevant evidence of service in my declaration in *Densys*, it is important to note that appearance in court is not a requirement under section 163(2), which requires only that the document to be served has been received by defendant.  Evidence of acknowledgement is only one of many ways to discharge this burden of proof.  As stated above, the evidence provided by the CFTC would be considered sufficient under Danish law.

19. Finally, I note that when a Danish citizen changes home address, he/she is obligated to notify the authorities (that is, the municipality to which the Danish citizen has moved) within 5 (five) days after moving to the new address at the latest, see Section 12 of the

Statutory Order 2020-09-03 no. 1297 on the Central Register of Persons. On August 9, 2021, I reviewed the Central Register of Persons and it shows that Defendant's address is currently at the same location where DHL hand delivered the amended summons and complaint to Defendant.

    I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

    Dated: august 13, 2021

                                            */s/Kenneth Kvistgaard-Aaholm*

                                            Kenneth Kvistgaard-Aaholm