# EXHIBIT D

TRANSLATION

# Bill concerning Act to amend the Administration of Justice Act
## *(Service etc.)*

**Extract from page 3 (bottom) to page 4 (top):**

**Re sections 159-165.**

Applicable provisions section 153(4) and 153(5), and sections 160-164, 166 and 167.

Draft of the Standing Committee on Procedural Law re sections 159-165.

The provisions correspond in substance to the draft issued by the Standing Committee on Procedural Law *(retsplejerådet)*. However, a new subsection 2 is added to section 163. The new subsection 2 provides that service is deemed effected when the document to be served has reached the person concerned, even if service has not been effected in compliance with the provisions of sections 155-157. In such instances, the document is deemed to have been served at the time where the document reaches the person concerned. It seems unreasonable that a case would have to be postponed in order for service to be effected again, when the documents concerned undoubtedly have reached the person concerned. A similar provision exists in the Swedish rättegångsbalk, part 33, section 14.



Thomson Reuters
LFF1971-1972.1.7

# Forslag til Lov om ændring af retsplejeloven.

*(Forkyndelser m. v.)*

Fremsat den 19. oktober 1971 af *justitsministeren.*

§ 1. I lov om rettens pleje, jfr. lovbekendtgørelse nr. 609 af 19. december 1969, som ændret senest ved lov nr. 153 af 16. april 1971, foretages følgende ændringer:

1. I *§ 57* indsættes som *stk. 2-4:*

"*Stk. 2.* En forkyndelse er gyldig, selv om stævningsmanden har handlet uden for den retskreds, i hvilken han er ansat.

*Stk. 3.* Polititjenestemænd og sognefogeder kan uden særlig beskikkelse foretage forkyndelser i straffesager.

*Stk. 4.* Justitsministeren kan fastsætte regler om, i hvilket omfang politiet skal foretage eller medvirke ved forkyndelser."

2. *Kapitel 17* affattes således:

"Kapitel 17. **Forkyndelser m. v.**

§ 153. I borgerlige sager skal processuelle meddelelser forkyndes, medmindre andet er bestemt i denne lov.

*Stk. 2.* I straffesager skal forkyndelse kun ske, når det er bestemt i denne lov.

§ 154. Meddelelser fra retten gives på den måde, som rettens formand bestemmer, medmindre loven indeholder anden forskrift herom.

*Stk. 2.* Rettens beslutning om, hvorledes meddelelser skal gives, er ikke genstand for kære.

§ 155. Forkyndelse sker ved, at den meddelelse, der skal forkyndes, med eventuelle bilag

1) sendes eller afleveres til den pågældende, der samtidig anmodes om at bekræfte modtagelsen på en genpart af dokumentet eller, hvis forkyndelsen foretages ved rettens eller anklagemyndighedens foranstaltning, et særligt modtagelsesbevis (brevforkyndelse),

2) sendes til den pågældende i brev med afleveringsattest (postforkyndelse) eller

3) afleveres til den pågældende af en stævningsmand (stævningsmandsforkyndelse).

§ 156. Ved brevforkyndelse anses meddelelsen for forkyndt, hvis genparten eller modtagelsesbeviset er underskrevet af den pågældende personlig. Forkyndelse anses for sket den dag, modtageren anfører at have modtaget meddelelsen. Er ingen modtagelsesdag anført, eller er den angivne modtagelsesdag senere end datoen i poststemplet på tilbagesendelsen, anses forkyndelse for sket på poststemplets dato.

§ 157. For postforkyndelse og stævningsmandsforkyndelse gælder følgende regler:

1) Forkyndelse bør så vidt muligt ske for den pågældende personlig på hans bopæl, midlertidige opholdssted eller arbejdssted. Forkyndelse for den pågældende personlig er dog gyldig, uanset hvor den sker.

2) Træffes den pågældende ikke, kan forkyndelse ske

   a) på bopælen eller opholdsstedet for personer, der hører til husstanden, eller, hvis den pågældende bor til leje i en andens bolig, for udlejeren eller dennes ægtefælle, for så vidt de pågældende træffes på bopælen eller opholdsstedet, eller

   b) på den pågældendes arbejdssted over for arbejdsgiveren eller dennes repræsentant eller for så vidt angår selvstændige næringsdrivende på den pågældendes kontor, værk-

sted eller forretningslokale over for personer, der er ansat i virksomheden.

*Stk. 2.* Forkyndelse efter stk. 1, nr. 2, kan ikke ske for personer under 18 år.

*Stk. 3.* Ved postforkyndelse overgives forsendelsen og ved stævningsmandsforkyndelse en genpart af meddelelsen og eventuelle bilag til den, for hvem forkyndelsen sker. Sker forkyndelse ikke over for vedkommende personlig, anføres på forsendelsen eller genparten af meddelelsen, hvornår og over for hvem forkyndelse er sket.

*Stk. 4.* Nægter en person, for hvem forkyndelse kan ske efter stk. 1, nr. 2, uden rimelig grund at modtage forkyndelse, eller undlader han, efter at forkyndelse er sket, at overlevere, hvad han har modtaget ved forkyndelsen, til vedkommende, selv om dette kunne være sket uden væsentlig udgift eller besvær, kan han ved kendelse tilpligtes at erstatte omkostninger, der er en følge af hans nægtelse eller undladelse.

§ 158. Har den pågældende kendt bopæl eller opholdssted i udlandet, og kan forkyndelse ikke ske her i riget efter § 155, nr. 2 og 3, jfr. § 157, sker forkyndelse ved brevforkyndelse eller på den måde, der er foreskrevet ved konvention eller ved vedkommende lands lov.

§ 159. Forkyndelse kan foretages i Statstidende, såfremt

1) den pågældendes bopæl eller opholdssted eller hans arbejdssted her i landet ikke kan oplyses, eller

2) vedkommende fremmede myndighed nægter eller undlader at efterkomme en anmodning om forkyndelse efter § 158.

*Stk. 2.* Forkyndelse sker ved, at en bekendtgørelse indeholdende et uddrag af meddelelsen og en bemærkning om, at meddelelsen kan fås ved henvendelse til retten, indrykkes i Statstidende. I bekendtgørelsen skal endvidere anføres, af hvilken grund denne forkyndelsesform anvendes.

*Stk. 3.* I de i stk. 1, nr. 2, nævnte tilfælde, skal meddelelsen tillige tilsendes den pågældende med posten.

§ 160. I borgerlige sager kan en part give afkald på at få underretning om processuelle meddelelser ved forkyndelse. Parterne kan endvidere udpege en person, over for hvem forkyndelse kan ske efter reglerne i §§ 155-157. Reglen i § 157, stk. 4, finder dog kun anvendelse, hvis den pågældende har erklæret sig villig til at modtage forkyndelse.

§ 161. Har en part i en borgerlig sag antaget en advokat til at udføre sagen, kan forkyndelse vedrørende sagen ske for advokaten.

§ 162. Når der i et retsmøde træffes beslutning om tidspunktet for et nyt møde eller for en retshandlings foretagelse, anses beslutningen for at være forkyndt for de personer, der er til stede i retsmødet.

*Stk. 2.* Beslutningen anses endvidere for at være forkyndt for personer, der har været lovligt tilsagt til mødet, men som enten er udeblevet eller uberettiget har forladt mødet, forinden beslutningen blev truffet. Retten bør dog give de pågældende meddelelse om beslutningen, hvis denne må antages at være af særlig interesse for dem.

§ 163. En forkyndelse er gyldig, selv om meddelelsen ikke kommer til vedkommendes kundskab.

*Stk. 2.* Er det dokument, der skal forkyndes, kommet vedkommende i hænde, anses forkyndelse for sket, selv om forkyndelsen ikke er foretaget i overensstemmelse med reglerne i §§ 155-157.

§ 164. Medmindre andet er bestemt i den militære retsplejelov, sker forkyndelse for militærpersoner efter reglerne i dette kapitel. Forkyndelse for personer, der er indkvarteret på militært område, kan dog altid ske ved den pågældendes militære afdelings foranstaltning.

Copyright © 2011 Thomson Reuters Professional A/S

Thomson Reuters LFF1971-1972.1.7

**§ 165.** Justitsministeren fastsætter nærmere regler om forkyndelse, herunder om vederlag herfor.

*Stk. 2.* I sager, der behandles af retten, afholdes vederlaget for forkyndelse af statskassen. I øvrigt betales vederlaget forud af den, der begærer forkyndelsen foretaget.

*Stk. 3.* Polititjenestemænd har ikke krav på vederlag for forkyndelse i straffesager."

**3.** I *§ 175, stk. 1,* indsættes som *2. pkt.:*
"Indkaldelsen skal forkyndes for vidnet."

**4.** *§ 178, stk. 2, 3. pkt.,* ophæves, og i stedet indsættes:
"Kendelse, hvorved bøde eller erstatning er pålagt et fraværende vidne, skal forkyndes for den pågældende. Begæring om omgørelse af en sådan afgørelse skal fremsættes i det første retsmøde, i hvilket vidnet møder, eller, hvis vidnet ikke senere møder, inden 14 dage efter, at afgørelsen er forkyndt for vidnet eller kommet til hans kundskab."

**5.** I *§ 219, stk. 4, 1. pkt.,* og *§ 737, stk. 2, 2. pkt.,* udgår: "jfr. dog § 956, stk. 1, og § 965, stk. 1, 2. pkt.".

**6.** I *§ 356, 1. pkt.,* ændres "§ 166" til: "§ 162".

**7.** I *§ 544, stk. 3, 1. pkt., § 555, stk. 1, 1. pkt., § 561, stk. 2, 1. pkt.* og *§ 581, stk. 1, sidste pkt.,* ændres "§ 165" til: "§ 154".

**8.** I *§ 794, stk. 1, 2. pkt.;* ændres "§ 160" til: "§ 159".

**9.** I *§ 932, stk. 1, 2. pkt.,* indsættes efter "Tilsigelsen": "" der skal forkyndes,".

**10.** I *§ 948, stk. 2,* ændres "§§ 153-159" til: "§§ 155-158".

**§ 2.** Loven træder i kraft den 1. juli 1972.

## Bemærkninger til lovforslaget.
## Almindelige bemærkninger.

Lovforslaget tilsigter en revision af reglerne i retsplejeloven om forkyndelse. Den væsentligste ændring i forhold til gældende ret er indførelsen af en ny form for forkyndelse (brevforkyndelse), hvorved den meddelelse, der skal forkyndes, sendes med posten eller afleveres til den pågældende, der samtidig anmodes om at bekræfte modtagelsen skriftligt.

Retsplejerådet har i flere år arbejdet med en almindelig revision af retsplejelovens regler om behandling af borgerlige sager og har herunder også behandlet reglerne om forkyndelse. Efter anmodning fra justitsministeriet afgav rådet den 14. december 1970 en særudtalelse vedrørende forkyndelse. Udtalelsen, der indeholder et udkast til lov om ændring af retsplejeloven, er optaget som *bilag 1* til lovforslaget.

Efter de gældende regler sker forkyndelse som hovedregel ved stævningsmænd eller ved politiets foranstaltning. I borgerlige sager og til dels også i straffesager kan forkyndelse endvidere ske gennem postvæsenet ved brev med afleveringsattest (postforkyndelse), men denne forkyndelsesform anvendes kun i begrænset omfang, jfr. afsnit II i retsplejerådets udtalelse.

Da det i længere tid havde været forbundet med visse vanskeligheder at få det nødvendige antal stævningsmænd, angiveligt fordi vederlaget på 5 kr. pr. forkyndelse, der havde været uændret siden 1961, ikke længere fandtes at yde en rimelig betaling for arbejdet med forkyndelserne, overvejede justitsministeriet i foråret 1971, om der burde ske en principiel omlægning af vederlagsordningen.

Under henvisning til overvejelserne om ændring af forkyndelsesreglerne med udvidet anvendelse af postforkyndelse og brevforkyndelse, gennemførtes der alene - inden for rammerne af det bestående system - en forhøjelse af vederlaget fra 5 kr. til 7 kr. pr. forkyndelse, ligesom der indførtes bestemmelser om ydelse af kørselsgodtgørelse til stævningsmænd efter reglerne for statens tjenestemænd, jfr. justitsministeriets bekendtgørelse nr. 201 af 4. maj 1971.

Ved landsretterne, sø- og handelsretten i København og Københavns byret foretages forkyndelser i borgerlige sager og en del af forkyndelserne i straffesager af vagtmestre. I forbindelse med honorargennemgangen har lønningsrådet anbefalet, at der ikke fortsat udbetales veder-

lag til vagtmestrene for forkyndelse. Da arbejdet imidlertid ikke kunne udføres som en del af vagtmestrenes tjenestepligter uden en udvidelse af antallet af vagtmestre, og da justitsministeriet med baggrund i den forventede nedgang i antallet af forkyndelser ved stævningsmand ikke anså det for hensigtsmæssigt at ansætte flere vagtmestre, har den af lønningsrådet anbefalede ordning endnu ikke kunnet gennemføres.

Det var en forudsætning for justitsministeriets beslutning om fortsat udbetaling af vederlag til vagtmestrene og for den nævnte forhøjelse af forkyndelsesvederlaget, at der blev gennemført nye regler for forkyndelse, der ville formindske antallet af stævningsmandsforkyndelser.

Retsplejerådets forslag har været forelagt for præsidenterne for østre landsret, vestre landsret, søog handelsretten i København, Københavns byret og Århus by- og herredsret samt for Den danske Dommerforening, Foreningen af politimestre i Danmark, Foreningen af dommerfuldmægtige i Danmark, Foreningen af politiassessorer og politifuldmægtige i Danmark, advokatrådet, rigsadvokaten, rigspolitichefen og politidirektøren i København.

Flertallet af de hørte myndigheder m. v. finder det værdifuldt, at der skabes mulighed for at kunne iværksætte forkyndelse af meddelelser ved brevforkyndelse, men finder det tvivlsomt, om denne form for forkyndelse vil kunne anvendes i det omfang, retsplejerådet forudsætter. Det anføres i udtalelserne, at brevforkyndelse vil være uegnet i de mange tilfælde, hvor modtageren ikke kan forventes at ville tilbagesende modtagelsesbeviset eller genparten. Dette gælder således i incasso- og fogedsager samt i straffesager for så vidt angår forkyndelser for tiltalte. Endvidere vil denne forkyndelsesform medføre en forøgelse af kontorarbejdet på dommerkontorerne. Endelig er det nødvendigt at arbejde med længere berammelsesfrister, idet der må være tid til at iværksætte anden form for forkyndelse, hvis den, over for hvem forkyndelse skal ske, ikke bekræfter modtagelsen. Man mener derfor ikke, at brevforkyndelse bør gøres til den principale forkyndelsesform, der skal anvendes, medmindre særlige hensyn taler herimod. Det foreslås i stedet, at de 3 forkyndelsesformer (brevforkyndelse, postforkyndelse og stævningsmandsforkyndelse) opstilles sideordnet, således at den, der iværksætter forkyndelse, selv kan vælge den form, der er bedst egnet i det foreliggende tilfælde eller i den pågældende gruppe af sager. De hørte myndigheder har så godt som alle givet udtryk for, at forkyndelse ved stævningsmand virker tilfredsstillende.

Lovforslaget svarer i det væsentlige til retsplejerådets udkast. I overensstemmelse med de afgivne udtalelser er reglerne dog udformet således, at det overlades til den, der iværksætter forkyndelsen, at bestemme forkyndelsesformen. Efter justitsministeriets opfattelse bør det imidlertid tilstræbes at anvende brevforkyndelse i videst mulig omfang. Justitsministeriet vil efter lovens ikrafttræden ved enkelte retter iværksætte en forsøgsordning, hvorefter brevforkyndelse anvendes i alle tilfælde, hvor særlige hensyn ikke taler imod anvendelse af denne forkyndelsesform.

Lovforslagets gennemførelse må antages at medføre en vis formindskelse af statens udgifter til forkyndelse. Det er dog ikke muligt at opgøre, hvor stor besparelsen vil blive, idet dette vil afhænge af, i hvilket omfang reglerne om brev- og postforkyndelse vil blive anvendt.

I *bilag 2* er de gældende regler og ændringerne heri opstillet som paralleltekster.

Retsplejeloven er efter lovbekendtgørelse nr. 609 af 19. december 1969 ændret ved lov nr. 3 af 8. januar 1970 (Nedlæggelse af retten i Sakskøbing), lov nr. 10 af 29. januar 1970 (Ophævelse af udpantningsfristen), lov nr. 168 af 29. april 1970 (Forhøjelse af grænsen for underretssager), § 2 i lov nr. 203 af 27. maj 1970 (Domstolskontrol med frihedsberøvelser m. v.) og lov nr. 153 af 16. april 1971 (Forhøjelse af ydelser til lægdommere og vidner m. v.).

Copyright © 2011 Thomson Reuters Professional A/S

Thomson Reuters
LFF1971-1972.1.7

## Bemærkninger til lovforslagets enkelte bestemmelser.

### Til nr. 1.

#### Til § 1.

Gældende bestemmelser § 153, stk. 3, § 154, 2. pkt., § 156, stk. 1, nr. 3 og § 158, stk. 3 og 5.

Af systematiske grunde foreslås disse regler placeret i § 57 sammen med reglerne om beskikkelse af stævningsmænd.

Bestemmelserne i *stk. 2 og 3* er i overensstemmelse med de gældende regler i § 153, stk. 3, og § 154, 2. pkt.

De gældende regler om politiets medvirken ved forkyndelser findes i retsplejelovens § 156, stk. 1, nr. 3, og § 158, stk. 3 og 5.

Spørgsmålet om, i hvilket omfang politiet skal foretage forkyndelse i straffesager og om politiets bistand i tilfælde, hvor brev-, post- eller stævningsmandsforkyndelse har været forgæves, behandles for tiden i justitsministeriets udvalg angående politiets fremtidige struktur med henblik på en begrænsning af politiets arbejdsbyrde i forbindelse med forkyndelser. Under hensyn hertil og til, at regler herom formentlig mest hensigtsmæssigt kan fastsættes administrativt, foreslås i *stk. 4* indsat en bemyndigelse for justitsministeren til at fastsætte regler om dette spørgsmål. Polititjenestemænd vil med hjemmel i denne bestemmelse kunne bemyndiges til at foretage forkyndelse i borgerlige sager uden forudgående beskikkelse i tilfælde, hvor anden forkyndelsesform har vist sig forgæves. Bestemmelsen giver mulighed for at begrænse politiets forkyndelser i straffesager eventuelt således, at politiet helt fritages for at foretage forkyndelser i visse grupper af sager. Bestemmelsen giver endvidere mulighed for en indskrænkning af politiets bistand i tilfælde, hvor forkyndelse ikke har kunnet iværksættes i overensstemmelse med reglerne i §§ 155-157.

### Til nr. 2.

#### Til § 153.

Gældende bestemmelse § 153, stk. 1 og 2.

Efter § 153, stk. 1, skal processuelle meddelelser i borgerlige sager, for så vidt ikke loven eller overenskomst mellem parterne medfører undtagelse, foregå ved stævningsmand eller i visse tilfælde ved politiet. Efter § 153, stk. 2, gælder det samme i straffesager med hensyn til visse nærmere angivne meddelelser til sigtede, vidner og syns- og skønsmænd. Påbudet om forkyndelse gentages dog i de fleste tilfælde i de bestemmelser, hvor de pågældende meddelelser er omtalt.

Bestemmelserne i § 153, stk. 1 og 2, er ikke medtaget i retsplejerådets udkast, idet der efter rådets opfattelse i de enkelte bestemmelser, som foreskriver, at der skal gives meddelelse, bør tages stilling til, om meddelelsen skal forkyndes.

For så vidt angår borgerlige sager finder justitsministeriet imidlertid, at denne ændring bør afvente retsplejerådets kommende betænkning om behandling af borgerlige sager og betænkning fra udvalget angående revision af reglerne om udlæg og udpantning m. v. I de lovudkast, der er indeholdt i disse betænkninger, vil der være taget stilling til, hvilke meddelelser der skal forkyndes. Den gældende bestemmelse i § 153, stk. 1, foreslås derfor opretholdt indtil videre med enkelte sproglige ændringer, jfr. *stk. 1.*

Den gældende bestemmelse i § 153, stk. 2, om, hvilke meddelelser i straffesager, der skal forkyndes, foreslås derimod i overensstemmelse med retsplejerådets indstilling ophævet og erstattet af en ny bestemmelse i *stk. 2*, hvorefter forkyndelse kun skal ske i straffesager, når det er bestemt i retsplejeloven. I forbindelse hermed foreslås der i de bestemmelser, hvor påbudet om forkyndelse efter § 153, stk. 2, ikke er gentaget, indsat bestemmelser om forkyndelse. Dette gælder retsplejelovens § 175, stk. 1, § 178, stk. 2 og § 932, stk. 1, jfr. forslagets nr. 3, 4 og 9. Efter den gældende bestemmelse i § 153, stk. 2, nr. 1, skal der ske forkyndelse for sigtede af bevisfortegnelse. Denne bestemmelse, der formentlig har sammenhæng med procesordningen før retsplejeloven,

efterleves ikke i praksis, idet reglerne i § 832, stk. 2, og § 840 om forkyndelse for tiltalte af anklageskrift og stævning antages udtømmende at angive, hvilke forpligtelser anklagemyndigheden har med hensyn til forkyndelse af processkrifter for tiltalte. Efter § 835 skal en genpart af bevisfortegnelsen sendes til forsvareren.

#### Til § 154.

Gældende bestemmelse § 165.

Retsplejerådets udkast § 153.

Bestemmelsen svarer bortset fra sproglige ændringer til gældende ret.

#### Til § 155.

Retsplejerådets udkast § 155, stk. 1, og § 156.

Efter retsplejerådets forslag skulle forkyndelse fremtidig ske ved brevforkyndelse, medmindre det på forhånd måtte antages, at modtageren ikke ville tilbagesende genparten eller modtagelsesbeviset, eller andre grunde talte imod at anvende brevforkyndelse. Rådet har lagt vægt på denne forkyndelsesforms enkle karakter og de ringe omkostninger, der er forbundet dermed.

Efter de udtalelser, der er afgivet om retsplejerådets forslag, har justitsministeriet ikke ment at burde følge dette forslag. Man har i stedet i § 155 indsat en bestemmelse, der giver den, der iværksætter forkyndelsen, mulighed for at vælge mellem brevforkyndelse, postforkyndelse og stævningsmandsforkyndelse. Der henvises i øvrigt til de almindelige bemærkninger.

#### Til § 156.

Retsplejerådets udkast til § 155, stk. 2.

Bestemmelsen svarer til rådets udkast.

#### Til § 157.

Gældende bestemmelser §§ 155-157, § 158, stk. 1 og 2, og §§ 163 a-e.

Retsplejerådets udkast § 157.

Bestemmelsen svarer i alt væsentligt til retsplejerådets udkast. *Stk. 1, nr. 2, litra a*, er dog ændret således, at forkyndelse, såfremt adressaten bor til leje, kan ske både for udlejeren og dennes ægtefælle.

Ved bestemmelsen indføres en udvidet adgang til at foretage forkyndelse på arbejdspladsen. Som anført i rådets udtalelse bør forkyndelse dog normalt ske på bopælen, hvis der kan træffes nogen dér, over for hvem forkyndelse kan ske.

#### Til § 158.

Gældende bestemmelse § 159.

Retsplejerådets udkast § 158.

Efter retsplejerådets forslag kan forkyndelse i udlandet kun ske, hvis det ikke er muligt at gennemføre forkyndelse efter §§ 155-157, herunder brevforkyndelse ved at sende et brev til adressen i udlandet. Dette skyldtes, at brevforkyndelse efter rådets forslag skulle være den principale forkyndelsesform. Da justitsministeriet som ovenfor nævnt ikke har ment at burde følge rådet på dette punkt, er bestemmelsen ændret således, at forkyndelse, såfremt post- eller stævningsmandsforkyndelse ikke kan ske her i riget, enten kan ske ved brevforkyndelse eller på den måde, der er foreskrevet ved konvention eller ved vedkommende lands lov.

#### Til §§ 159-165.

Gældende bestemmelser § 153, stk. 4 og 5, og §§ 160-164, 166 og 167.

Retsplejerådets udkast §§ 159-165.

Bestemmelserne svarer i alt væsentligt til retsplejerådets udkast. I *§ 163* er dog indsat et nyt *stk. 2*, hvorefter forkyndelse anses for sket, når den meddelelse, der skal forkyndes, er kommet vedkommende i

Copyright © 2011 Thomson Reuters Professional A/S

Thomson Reuters
LFF1971-1972.1.7

hænde, selv om forkyndelsen ikke er sket i overensstemmelse med reglerne i §§ 155-157. Meddelelsen anses i disse tilfælde for forkyndt på det tidspunkt, meddelelsen kommer den pågældende i hænde. Det forekommer urimeligt, at en sag må udsættes, for at der kan foretages ny forkyndelse, når den pågældende meddelelse utvivlsomt er kommet vedkommende i hænde. En tilsvarende bestemmelse findes i den svenske rättegångsbalk kapitel 33, § 14.

### Til nr. 3, 4 og 9.

Ændringerne er en følge af ophævelsen af den gældende bestemmelse i retsplejelovens § 153, stk. 2. Der henvises til bemærkningerne til nr. 2 (§ 153).

### Til nr. 5.

Ændringerne er en følge af den ændring af retsplejelovens § 956, stk. 1, der er sket ved § 1, nr. 8, i lov nr. 153 af 16. april 1971.

### Til nr. 6-8 og 10.

Ændringerne er begrundet i den forskydning af paragraffølgen, der sker ved forslagets nr. 2.

Copyright © 2011 Thomson Reuters Professional A/S



I, Lene Tønnesen, hereby certify that the attached document, translated from Danish to English, to the best of my knowledge and belief, is a true, accurate, and complete translation of an extract of the following document:

- Forslag til Lov om ændring af retsplejeloven (extract from bottom of p. 3 to top of page 4)

9 August 2021



Gorrissen Federspiel