```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                          :
COMMODITY FUTURES TRADING COMMISSION,                     :
                                                          :
                           Plaintiff,                     :
                                                          :   20 Civ. 3833 (JPC)
           -v-                                            :
                                                          :   OPINION
CASPER MIKKELSEN, also known as Carsten Nielsen,          :   AND ORDER
also known as Brian Thomson, also known as Thomas         :
Jensen, also known as Casper Muller,                      :
                                                          :
                           Defendant.                     :
                                                          :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On January 21, 2021, the Commodity Futures Trading Commission ("CFTC") moved for default judgment against Defendant Casper Mikkelsen. Dkt. 36. For the reasons stated below, the Court cannot conclude that service of the Summons and Complaint was properly effected. It thus denies the CFTC's motion for default judgment without prejudice to refiling if, after properly serving Defendant in accordance with Rule 4(f) of the Federal Rules of Civil Procedure, Defendant again fails to appear.

## I. Background

The CFTC initiated this action on May 18, 2020. Dkt. 1 ("Complaint" or "Compl."). The Complaint alleges that Mikkelsen "engaged in a fraudulent scheme to solicit and misappropriate money from at least 101 individuals and entities . . . who invested their funds with an alleged company called GNTFX." *Id.* ¶ 1. The CFTC contends that Mikkelsen misappropriated "at least $737,000 of client funds for his personal use" and that in total purported investors lost "at least $1.19 million." *Id.* ¶ 4. As a result of this conduct, the Complaint alleges three counts of violations

of the commodities laws. *Id.* ¶¶ 42-61.

On August 13, 2020, the CFTC filed a certificate of service in which counsel for the CFTC explained that he placed a copy of the Summons and Complaint in an envelope addressed to "Casper Muller, Defendant's new legal name" and gave it to DHL International, "an international shipping and courier delivery service." Dkt. 22 ¶ 3. According to the certificate of service, DHL then "personally served Casper Muller" with these documents on July 1, 2020 at an address in Denmark. *Id.* ¶ 4. Defendant did not appear or answer the Complaint. A Clerk's Certificate of Default was filed for Defendant on October 5, 2020. Dkt. 30. The CFTC filed a motion for default judgment on January 21, 2021, Dkt. 36, and a proposed default judgment order on January 25, 2021, Dkt. 40. On March 8, 2021, the Court held a show cause hearing at which the Court discussed the CFTC's default judgment motion. *See generally* 3/8/2021 Tr. Defendant did not appear. *See id.* at 2. On June 1, 2021, the Court requested that the CFTC file a supplemental letter-brief on the issue of whether service by mail is authorized under Danish law. *CFTC v. Mikkelsen*, No. 20 Civ. 3833 (JPC), 2021 WL 2789192, at *2 (S.D.N.Y. June 1, 2021). After the Court granted the CFTC's motion for an extension of time, Dkt. 51, the CFTC filed a supplemental letter-brief along with several accompanying exhibits on August 13, 2021, Dkt. 52 ("Letter-Brief").

## II. Discussion

In its initial papers in support of its motion for default judgment, the CFTC exclusively relied on Rule 4(f)(1) as the basis for service of process here. *See* Dkt. 36-1 ¶ 5 n.1; 3/8/2021 Tr. at 4. Although it continues to press this argument in its supplemental letter-brief, the CFTC also recognizes that some courts have held that "service by mail cannot be a predicate for Rule 4(f)(1)." Letter-Brief at 1 n.1. So, the CFTC now argues that service of process also was proper under two provisions of Rule 4(f)(2) or that, in the alternative, the Court should order an alternative method

2

of service (*e.g.*, the one that was done here) pursuant to Rule 4(f)(3). The Court addresses each argument in turn.

**A. Rule 4(f)(1)**

The first question is whether service by mail (*i.e.*, delivery by DHL) here was proper under Rule 4(f)(1). That Rule provides that "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Article 10(a) of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Service Convention") provides that the Hague Service Convention "shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." 20 U.S.T. 361, 363, T.I.A.S. No. 6638 (Nov. 15, 1965). Article 10(a) does not, however, explicitly allow service by mail. *See Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (explaining that although "Article 10(a) encompasses service by mail . . . this does not mean that the [Hague] Convention affirmatively *authorizes* service by mail"); *In re Coudert Brothers LLP*, No. 16 Civ. 8237 (KMK), 2017 WL 1944162, at *8 (S.D.N.Y. May 10, 2017) ("The plain language of the Hague Convention does not expressly authorize service by mail," but instead is "agnostic on the topic.").

Accordingly, service by mail is not an "internationally agreed means of service," Fed. R. Civ. P. 4(f)(1), under the Hague Service Convention. Rule 4(f)(1) thus cannot serve as the basis for service by mail unless a party points to an international agreement besides Article 10(a) of the Hague Service Convention. *See In re Coudert Brothers LLP*, 2017 WL 1944162, at *8 ("[S]ervice via mail is not an appropriate form of service under Rule 4(f)(1) on a defendant residing in a country

3

that is a signatory to the Hague Convention, absent some other international agreement providing for service via mail."); *accord La Dolce Vita Fine Dining Co. Ltd. v. Zhang Lan*, No. 19 Misc. 536 (ALC), 2020 WL 7321366, at *5 n.6 (S.D.N.Y. Dec. 11, 2020) (explaining that because the Hague Convention does not authorize service by mail, it "cannot be a predicate for Rule 4(f)(1) service" by mail). Because the CFTC relies only on the Hague Service Convention to justify its service via DHL, the Court concludes that the CFTC did not serve Defendant in accordance with Rule 4(f)(1).

**B. Rule 4(f)(2)(A)**

The CFTC next argues that service of process was proper pursuant to Rule 4(f)(2)(A). Letter-Brief at 2-4. This Rule states that an individual may be served in a foreign country "if there is no internationally agreed means, or an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Fed. R. Civ. P. 4(f)(2)(A). Although "courts are split as to whether service via mail is proper under Rule 4(f)(2)(A)," the Court is convinced that "Rule 4(f)(2)(A) on its face appears to allow, without limitation, service by mail if the recipient country so allows." *Appel v. Hayut*, No. 20 Civ. 6265 (JPC), 2020 WL 7211212, at *1 (S.D.N.Y. Dec. 7, 2020).

The Supreme Court has outlined when international service by mail is allowed. "[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc.*, 137 S. Ct. at 1513. The CFTC contends that service by mail here was proper because both of these conditions were met.

With regard to the first question, Denmark's official response to the Hague Convention provides that "[a]s for article 10(a) Denmark has not declared that it objects to this method of

transmission." Letter from the Ministry of Justice of the Kingdom of Denmark Concerning the Revision of the Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Oct. 3, 1991) ("Denmark Hague Convention Letter") at 3, *available at* https://www.hcch.net/upload/wop/lse_dk.pdf (last visited Aug. 27, 2021). Therefore, it seems that the first *Water Splash* condition is met because the evidence before the Court suggests that Denmark has not objected to service by mail. *See Densys Ltd. v. 3Shape Trios A/S*, 336 F.R.D. 126, 130 (W.D. Tex. 2020) (concluding that "Denmark has not objected to service by mail" because both the plaintiff and the defendants conceded that it had not).

The second question—whether service by mail is authorized under Danish law—is trickier. One court has concluded that service by mail is authorized under Danish law. *See id.* at 130-31. That court pointed to three provisions of Danish law to reach that conclusion: sections 155, 157a, and 163(2) of Denmark's Administration of Justice Act. *See id.* at 131.

Here, the CFTC relies only on section 163(2).[1] "In Denmark, the general rules for service are set out in Chapter 17 of the Administration of Justice Act, Sections 155 to 157a." *Densys Ltd.*, 336 F.R.D. at 131; *accord* Dkt. 52-1 ("Kvistgaard-Aaholm Decl.")[2] ¶ 15. However, section 163(2)

---

[1] Section 155 does not apply here. It states, in relevant part, that service may be effected "by forwarding the document to the person concerned by letter as recorded delivery (service by post)." Dkt. 52-1 ¶ 10. The Court previously expressed reservations about whether this provision of Danish law authorized the method of service that the CFTC used here. *See Mikkelsen*, 2021 WL 2789192, at *1 (noting that "it is unclear what is meant by 'recorded delivery' under Danish law" and "whether 'service by post' would include international courier services, like DHL, or only the Danish postal service"). In its supplemental letter-brief, the CFTC explains that section 155 "requires the use of a specific Danish postal form and that the envelope containing the service documents bear a stamp provided by the Danish postal service." Letter-Brief at 3 n.3. Thus, the CFTC concedes that "[t]hese requirements therefore are not satisfied by DHL delivery." *Id.* Further, section 157a does not apply here because it relates to service on corporations and other entities, not individuals. *See Mikkelsen*, 2021 WL 2789192, at *1.

[2] Kenneth Kvistgaard-Aaholm is a partner at a Danish law firm who has "continuously

states that "[i]f the document to be served has been *received* by the recipient, the document is regarded as having been served, even if service has not been effected in compliance with the rules set out in sections 155-157a." Kvistgaard-Aaholm Decl. ¶ 14.  The CFTC argues that this section of Danish law implicitly authorizes mail service and thus satisfies the second *Water Splash* condition.  Letter-Brief at 3-4.

While section 163(2) does not expressly "authorize[]" service by mail, *Water Splash Inc.*, 137 S. Ct. at 1513, that section appears to be a catch all provision that prohibits service of process challenges when there is no question that the individual in fact received the document being delivered.  Initially, the Court is not convinced it can rely on section 163(2) because such reliance would assume the answer to one of the very questions that the Court must consider before entering judgment by default: whether Defendant received the Summons and Complaint.

Furthermore, based on the evidence presented, the Court cannot conclude that Defendant in fact received service of the Summons and Complaint.  An email from a Customer Care Research Specialist at DHL to the CFTC's counsel represented that the package containing the Summons and Complaint was "delivered without a signature as [the] courier [was] avoiding physical contact due to Covid-19," and that "the person who received the shipment identified themselves to be a CASPER MULLER."  Dkt. 36-6 at 7.  The CFTC alleges that this is Defendant's new legal name. Compl. ¶ 13; 3/8/2021 Tr. at 5-6.  No sworn affidavit or declaration from the courier with details of the delivery was provided, nor has DHL provided any physical description of the individual who supposedly received the shipment.  And of course, Defendant has not appeared in this case.  If he had, the Court perhaps would have some degree of comfort that he was in fact served.  Thus, even

---

practiced law in Denmark for over 19 years" and has "lectured on Danish law and its application for over a decade at Aarhus University and at the Danish Institute for IP Rights Training (DIFI)." Kvistgaard-Aaholm Decl. ¶ 1.

assuming section 163(2) of the Administration of Justice Act "authorizes service by mail" for purposes of *Water Splash*, 137 S. Ct. at 1513 (emphasis omitted), the Court cannot conclude that service here was effected in accordance with Rule 4(f)(2)(A) because it is unclear whether Defendant actually received the Summons and Complaint.

### C. Rule 4(f)(2)(C)(i)

The CFTC next says that service was proper here pursuant to Rule 4(f)(2)(C)(i), which allows service by "delivering a copy of the summons and of the complaint to the individual personally" unless such a method is prohibited by the foreign country's law. Fed. R. Civ. P. 4(f)(2)(C)(i). The CFTC again relies on section 163(2) and says that since this provision deems served any document "received" by the individual, Denmark does not prevent personal service in this manner. Letter-Brief at 4. Again, as noted above, the Court questions whether it can rely on section 163(2) given its need to determine whether Defendant received the Summons and Complaint, coupled with concern as to whether that receipt actually occurred based on the evidence presented. The Court thus cannot say that the CFTC properly effected served in accordance with Rule 4(f)(2)(C)(i).

### D. Rule 4(f)(3)

Finally, the CFTC asks the Court to order *nunc pro tunc* that the CFTC may serve Defendant via DHL courier pursuant to Rule 4(f)(3). Letter-Brief at 4-5. That Rule allows service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). In the alternative, the CFTC seeks a court order pursuant to Rule 4(f)(3) to serve Defendant at a future date "by international courier service at his confirmed Home Address, by email to [Defendant's] confirmed and current email address, by publication where [Defendant] resides . . . and/or via Article 5 of the Hague Convention." Letter-Brief at 5.

"Service of process under Rule 4(f)(3) is neither a last resort nor extraordinarily relief.  It is merely one means among several which enables service of process on an international defendant." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (internal quotation marks omitted).  "Thus, under Rule 4(f)(3), [a] plaintiff is *not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)."  *Steam SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (alteration in original) (internal quotation marks omitted).  But when determining whether to order alternative service under Rule 4(f)(3), "courts in this Circuit have generally required: '(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary.'"  *Id.* (quoting *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012)).

The CFTC here has not made such a showing.  All the CFTC has done to attempt to serve Defendant is "place[] a copy of [the Summons and Complaint] in a sealed mailing envelope and g[ive] that envelope to DHL International."  Dkt. 22 ¶ 3.  The CFTC could have attempted service through Denmark's Central Authority, but apparently did not because "a representative from the Danish Ministry of Justice" informed counsel for the CFTC that "it would take up to eight months to serve the amended summons and complaint on Defendant under Article 5 of the Hague Convention."  Dkt. 52-6 ¶ 3.  Although the CFTC now seeks court authorization pursuant to Rule 4(f)(3) to serve Defendant through Denmark's Central Authority, *see* Letter-Brief at 5, service through the means proscribed by Article 5 of the Hague Convention does not require such an order. Instead, service through Denmark's Central Authority is an "internationally agreed means of service" under Rule 4(f)(1).

The Court therefore denies the CFTC's request to serve Defendant through alternative

means pursuant to Rule 4(f)(3). The CFTC can renew this request at a later point if it makes a showing that it "has reasonably attempted to effectuate service on the defendant" and that "the circumstances are such that the court's intervention is necessary." *Stream SICAV*, 989 F. Supp. 2d at 278. However, because the CFTC does not need a court order under Rule 4(f)(3) to serve Defendant through Denmark's Central Authority pursuant to Article 5 of the Hague Service Convention, it may do so on its own accord.

### III. Conclusion

For the reasons stated, the Court denies the CFTC's motion for default judgment without prejudice to refiling in the event Defendant fails to appear after proper service of the Summons and Complaint pursuant to Rule 4(f). The Court grants the CFTC an additional ninety days to serve Defendant with a copy of the Summons and Complaint. If additional time is needed for service, via Denmark's Central Authority or other means authorized by Rule 4(f), the CFTC may move for a further extension. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 36.

Within two business days of the date of this Opinion and Order, the CFTC shall serve a copy of this Opinion and Order on Defendant. The CFTC shall file proof of service within two business days of service.

SO ORDERED.

Dated: August 27, 2021
New York, New York

JOHN P. CRONAN
United States District Judge