

# Ministry of Justice
## Civil and Police Department

| | |
|---|---|
| cb@hcch.nl | Date: 3. Oktober 2003 |
| | Civil Law Division |
| NL | Monica Maria Lange |
| | Our ref.: 2003-4010-0010 |
| | Doc.: MML20173 |

Dear Sir,

**Concerning the revision of the Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.**

The Danish Ministry of Justice has the following remarks:

**Re. 3. Central Authority**
The contact information for the Central Authority on the Conference's website remains unchanged.

The Ministry of Justice can add that the staff of the Ministry of Justice uses the languages Danish and English.

The Ministry of Justice can furthermore inform you that from July 1, 2002 – July 1, 2003 the Ministry of Justice has received 369 requests regarding service according to the Convention, mainly from France, Turkey and Poland.

**Re. 4. Case-law and reference works**
The Ministry of Justice can inform you that there has been only a few publicised decisions from Danish courts concerning the use of the convention since 1992 and they concern very specific factual circumstances not likely to occur in many other cases. These decisions also deal mainly with problems arising from the EC-Convention concerning the competence of the courts and the enforcement of judgments in civil matters and therefore the Hague Convention is mentioned only

Cited in CFTC v Mikkelsen
20Civ3833 Decided 8/27/21
Archived on 9/7/21
This document is protected by copyright.
Further reproduction is prohibited without permission.

as one out of several aspects leading to the courts decision. Because of that the Ministry of Justice has chosen not to forward these decisions which are only available in Danish.

The only literature since 1992 specifically dealing with this convention in Denmark consists of the following article published in "Ugeskrift for Retsvæsen" (the Weekly Journal of Law):

UfR 1996B.p.307 "Forkyndelse i udlandet i civile sager i praksis" (Practise concerning the service abroad in civil cases) by Erling Tullberg, the Ministry of Foreign Affairs.

**Re. 5. Haandbook**
The Ministry of Justice has not at the present time considered the matter.

**Re. 6. Scope of the Convention**
The Ministry of Justice is not of the opinion that there has been any changes in the interpretation of the mentioned areas. Neither has the application of the mentioned provisions given rise to difficulties.

**Re. 7. Forwarding authority**
Under Danish law only the courts of justice and State Counties are competent to forward requests for service to Central Authorities abroad.

**Re. 8. Methods for service used by the Central Authority**
The Ministry of Justice can inform you that the methods for service used in Denmark as described in the former version of the Handbook, Part II are still relevant.

As for the extent of requirements for translations the Ministry of Justice can inform you that a translation is not required. In the case of an untranslated document, however, the addressee is informed that he is not, under Danish law, under an obligation to accept it. Denmark has not entered into particular agreements with other Contracting States in this respect.

Service of documents in Denmark is free of charge.

**Re. 9. Translation requirement**
The Ministry of Justice has not at the present time considered the matter.

**Re. 10. Timing**
The average time required for performance of requests for service is 2 month. There seems to be substantial differences between States addressed in this respect. However the Ministry of Justice

has not at the present time considered how the procedures for mutual assistance could be improved.

**Re. 11. Alternative transmission channels**
Consular or diplomatic channels are hardly ever employed for requests to other Contracting States.

In Denmark lawyers are not authorized to perform service from abroad.

As for article 10 (a) Denmark has not declared that it objects to this method of transmission. However this does not imply that such method is valid service in Denmark. The Danish courts have not yet had the opportunity to rule on the matter.

As for article 10 (c) Denmark has declared that it objects to service directly by judicial officers, officials or other persons competent in Denmark, of documents originating from persons abroad interested in a judicial proceeding.

**Re. 15. Exclusion of application of the Convention between the parties**
The Ministry of Justice can inform you that there has been no rulings issued on the matter.

**Re. 16. Fax and electronic mail**
The Ministry of Justice can inform you that the application of digital communication in connection with service is under consideration in Denmark.

**Re. 17. Model forms**
The Ministry of Justice has not at the present time considered the matter.

**Re. 18. Reservations and reciprocity**
Denmark would not assert reciprocity against Contracting States having stated their opposition to service through postal channels (article 10 (a)) or through consular channels (article 8).

**Re. 19. Bilateral and multilateral agreements**
Denmark is bound by the bilateral and multilateral agreements mentioned in the former version of the Handbook, Part III, p. 123.

Denmark is not bound by EU Regulation No 1348/2000 on the service in the Member States of judicial and extrajudicial documents in civil or commercial matters.

The Ministry of Justice regrets to inform you that due to lack of resources the Ministry of Justice has been unable to respond to the questionnaire in its entirety.

The Ministry of Justice apologize for the delay.

Yours Sincerely

Monica Lange

Cited in CFTC v Mikkelsen
20Civ3833 Decided 8/27/21
Archived on 9/7/21
This document is protected by copyright.
Further reproduction is prohibited without permission.