**U.S. COMMODITY FUTURES TRADING COMMISSION**
140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9700
Facsimile: (646) 746-9940

Division of
Enforcement

February 7, 2022

**BY ECF AND EMAIL**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

**RE:  Commodity Futures Trading Commission v. Casper Mikkelsen a/k/a "Carsten Nielsen," a/k/a "Brian Thomson," a/k/a "Thomas Jensen" and a/k/a "Casper Muller," Defendant, Civil Action 1:20-cv-03833, Hon. John P. Cronan**

Dear Judge Cronan:

I am a trial attorney with the Division of Enforcement of the United States Commodity Futures Trading Commission ("Commission") and I am an attorney of record in the above-referenced case. As instructed by your Honor at the hearing on January 24, 2022 ("Hearing"), the Commission provides this letter in response to the Court's inquiry whether a defendant's ability to pay should be considered when determining an appropriate civil monetary penalty ("CMP"). In short, while it is within the discretion of the Court to consider mitigating and aggravating factors when determining a CMP, here there is no basis in the record of Mikkelsen's net worth to support the consideration of Mikkelsen's ability to pay and, instead, the record has ample aggravating factors warranting a CMP reflecting triple the monetary gain to Defendant Casper Mikkelsen.

Sanctions under the Commodity Exchange Act ("CEA"), such as a CMP, should be imposed in order to further the remedial policies of the CEA and to serve as deterrence to defendant and other market participants from engaging in similar violative conduct. *CFTC v. Park*, No. 16-CV-4120 (VEC), 2018 WL 6324810, at *4 (S.D.N.Y. Dec. 3, 2018); *Reddy v. CFTC*, 191 F.3d 109, 123 (2d Cir. 1999) (citation omitted). Accordingly, in determining an appropriate penalty, a court considers the general seriousness of the violation as well as any particular mitigating factors, such as under certain circumstances, a defendant's ability to pay, along with any aggravating circumstances that may exist. *CFTC v. Fan Wang*, 261 F. Supp. 3d 383, 388 (S.D.N.Y. 2017) (citations omitted); *CFTC v. Paragon FX Enterprises, LLC*, No. 11 CIV. 7740 (FM), 2015 WL 2250390, at *5 (S.D.N.Y. Feb. 2, 2015) ("[C]ourts should be realistic and not set a figure which is impossible for a defendant to comply with due to lack of monetary resources." (citation omitted)).

The ability to pay, however, may be considered as a mitigating factor when there is a basis to support a finding that defendant, in fact, lacks the monetary resources to pay a CMP. In

*CFTC v. 4X Solutions, Inc.*, for example, while noting that "courts should be realistic and not set a figure which is impossible for a defendant to comply with due to lack of monetary resources," the court nonetheless imposed a CMP of triple the disgorgement amount where, as here, defendants failed to appear and, therefore, had "proffered no reasons why they should be treated leniently." In sum, the court concluded that [i]n such circumstances, it is clear that trebling the Defendants' monetary gain is appropriate." No. 13 CV 2287 (RMB-FM), 2015 WL 9943241, at *3-4 (S.D.N.Y. Dec. 28, 2015), *report and recommendation adopted*, No. 13 CIV 2287 (RMB-FM), 2016 WL 397672 (S.D.N.Y. Jan. 29, 2016). Analogous cases brought by the Securities and Exchange Commission also are instructive. In *SEC v. Amerindo Investment Advisors Inc,* the court entered "the maximum penalty against each of the [corporate] [d]efendants" without considering the defendants' "current and future financial condition, normally a mitigating factor" since Defendants defaulted and therefore failed to meet their burden of demonstrating that their financial condition merited a reduced fine. No. 05 CIV. 5231 (RJS), 2014 WL 2112032, at *13 (S.D.N.Y. May 6, 2014), *aff'd sub nom. SEC v. Amerindo Inv. Advisors*, 639 F. App'x 752 (2d Cir. 2016). Similarly, in *SEC v. GTF Enterprises, Inc.*, the court ordered the maximum statutory penalty against defendants because defendants did not make an appearance and therefore failed to demonstrate financial hardship. No. 10-CV-4258 (RA), 2015 WL 728159, at *5 (S.D.N.Y. Feb. 19, 2015); *see also SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2010 WL 2077196, at *8 (S.D.N.Y. May 14, 2010) (the Court declined to lower defendant's CMP because "information regarding his net worth has been rendered unavailable by his absconding" and "[t]o rule otherwise would be likely to encourage unlawful flight").

In this case, there is no basis warranting consideration of ability to pay in determining an appropriate CMP for Defendant Mikkelsen. Defendant Mikkelsen was properly served with the summons and complaint and with every pleading, order, and motion in this matter, and has chosen, notwithstanding his notice of this lawsuit, not to defend himself and/or provide any evidence to the Court in support of his financial condition. Rather, the caselaw supports a finding that Mikkelsen's conduct warrants a CMP of triple the monetary gain. For example, in *CFTC v. Royal Metals Grp., LLC*, No. 18 CIV 8407, 2019 WL 1996307, at *1-3, 9 (S.D.N.Y. Jan. 25, 2019), the Court considered misappropriation of $584,549.84 from at least eight investors over two years, making false representations regarding fund and/or metal positions, failing to appear, answer or otherwise move with respect to the complaint, and violating core fraud provisions of the CEA, 7 U.S.C. §§ 9(1), in imposing a CMP of triple the monetary gain). In *CFTC v. Wright*, No. 17 CV 4722 (LTS-DCF), 2018 WL 6437055, at *1-2, 5 (S.D.N.Y. Dec. 7, 2018), the Court considered misappropriation of most funds ($421,250) solicited and obtained from 11 investors over six years, issuing false account statements, ceasing communication with customers, failing to respond to the summons and complaint, and violating core fraud provisions of the CEA, 7 U.S.C. §§ 6b(a)(2)(A)-(C) and 6*o*(1), in imposing a CMP of triple-the-gain of $1,113,750 and restitution of $371,250 on defaulting company; and in ordering individual defendant who entered into a consent order, accepted responsibility, admitted all of the findings in the consent order and all of the allegations in the complaint, to pay a CMP of $100,000 and restitution of $400,000.). Similarly, in *4X Sols., Inc.*, 2015 WL 9943241, at *1-2, 4, the Court considered the transfer by at least 19 pool participants of $4.8M to Defendants' pool over two years ($2,745,226 of which was misappropriated for individual defendant's personal purposes), issuing false account statements, failing to appear despite having knowledge of the lawsuit, and

violating core fraud provision of the CEA, 7 U.S.C. §§ 6b(a)(2)(A)-(C), in imposing a CMP of triple the disgorgement amount of $2,745,226); *see also CFTC v. EJS Cap. Mgmt., LLC*, No. 14 CV 3107 (CM), 2015 WL 13359358, at *2, 4-5, 10 (S.D.N.Y. Dec. 18, 2015) (considering, among other things, creation of a website with false information, solicitation of client funds in the amount of $2,582,964.92, minus $256,476.61 returned to customers, over a period of one year, and violation of core provisions of the CEA, 7 U.S.C. §§ 6b(a)(2)(A)-(C) and 6*o*(1), in imposing a CMP of $7,063,825.08, triple the monetary gain).

      Here, the aggravating circumstances of this matter, which include, 1) perpetrating a fraudulent scheme for a minimum of at least two years; 2) fraudulently soliciting 106 victims to perpetrate this scheme; 3) stealing funds from 106 victims totaling $1,191,286.87; 4) creating a website with false information and creating false account statements to conceal the fraud; 5) changing his name to Casper Muller after the collapse of his scheme; 6) not responding to client inquiries, making no attempt to return their funds, and showing no remorse or taking accountability for his actions; 7) violating core provisions of the Commodity Exchange Act; and 8) failing to respond to the complaint and summons despite having full knowledge of this lawsuit, warrant this Court imposing the maximum CMP. To do otherwise, would run contrary to the remedial policies of the CEA, which call for deterring defendants and "others in the industry from committing similar violations" *Reddy*, 191 F.3d at 123 (citation omitted);*4X Solutions, Inc.*, 2015 WL 9943241, at *3 ("[c]ivil monetary penalties are also exemplary; they remind both the recipient of the penalty and other persons subject to the Act that noncompliance carries a cost.").

      Based on the uncontroverted facts, relevant case law, and procedural posture and record of this case, the Court should order a CMP of triple the monetary gain to Defendant in the amount of $3,573,860.61.[1]

                                            Respectfully Submitted,

                                            */s/Xavier Romeu-Matta*
                                            Xavier Romeu Matta
                                            Trial Attorney
                                            Division of Enforcement
                                            (202) 352-0099
                                            Xromeu-matta@cftc.gov

Cc:    Casper Mikkelsen/Casper Muller
         Steve Ringer, Chief Trial Attorney
         James Wheaton, Senior Trial Attorney
         Judith M. Slowly, Futures Trading Investigator

---

[1] The Commission will not be seeking costs and fees in the Court's final judgment by default.