```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
COMMODITY FUTURES TRADING COMMISSION,                                  :
                                                                       :
                            Plaintiff,                                 :
                                                                       :         20 Civ. 3833 (JPC)
              -v-                                                      :
                                                                       :              ORDER
CASPER MIKKELSEN, also known as Carsten Nielsen,                       :
also known as Brian Thomson, also known as Thomas                      :
Jensen, also known as Casper Muller,                                   :
                                                                       :
                            Defendant.                                 :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Commodity Futures Trading Commission ("Commission") commenced this action against Defendant Casper Mikkelsen ("Mikkelsen")[1] on May 18, 2020, alleging violations of (1) section 4b(a)(2)(A), (B), and (C) of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 6b(a)(2)(A), (B), and (C), and Commission Regulation 5.2(b), 17 C.F.R. § 5.2(b); (2) section 4m(1) of the CEA, 7 U.S.C. § 6m(1), and Commission Regulation 5.3(a)(3), 17 C.F.R. § 5.3(a)(3); and (3) section 4o(1)(A) and (B) of the CEA, 7 U.S.C. § 6o(1)(A), (B). Dkt. 1 ¶¶ 42-61. The Complaint alleged that Mikkelsen orchestrated a fraudulent scheme to solicit and misappropriate money from over 100 individuals and entities who invested at least $1.5 million to trade retail leveraged or margined off-exchange foreign currency contracts. *Id.* ¶¶ 1-2. The Complaint further alleged that rather than invest those funds as promised, Mikkelsen misappropriated the money for his personal use and

---

[1] The Commission reports that, at some point, Mikkelsen legally changed his name to Casper Muller. Dkt. 70 at 2; Dkt. 75 ("1/27/22 Tr.") at 7. For consistency purposes, the Court refers to the defendant in this case as "Mikkelsen," which appears to have been his name at the time of the unlawful conduct at issue in this case.

directed that certain money be sent to clients, which came from other client deposits. *Id.* ¶¶ 1, 4, 26, 34.

After prior attempts to serve Mikkelsen, service of the Summons and Complaint in compliance with the Federal Rules of Civil Procedure occurred on October 19, 2021, making November 9, 2021 Mikkelsen's deadline to answer or move as to the Complaint. *See* Dkt. 57. Mikkelsen has not answered or otherwise responded to the Complaint, nor has he even appeared in this case. In an Order signed on November 27, 2021, the Court directed the Commission to move for a default judgment by December 17, 2021, with any oppositions from Mikkelsen due by January 3, 2022. Dkt. 58 at 1-2. That Order also directed Mikkelsen to "appear and show cause at a hearing before this Court on January 24, 2022, at 10:30 a.m., why an order should not be issued granting a default judgment against [him]." *Id.* at 2.[2]

The Commission moved for a default judgment against Mikkelsen on December 16, 2021. Dkts. 68-72. As relief, the Commission sought (1) a permanent injunction prohibiting Mikkelsen from engaging in various commodity trading activity; (2) restitution in the amount of $1,191,286.87, along with any post-judgment interest; and (3) a civil monetary penalty in the amount of $3,573,860.61, along with any post-judgment interest. Dkt. 68 ¶¶ 40-51. Mikkelsen has not challenged the Commission's motion for a default judgment. Nor did he appear at the January 24 hearing.

---

[2] The Court denied without prejudice the Commission's prior motion for a default judgment, Dkt. 36, out of concerns with whether service of the Summons and the Complaint on Mikkelsen, who resides in Denmark, was proper. *See CFTC v. Mikkelsen*, No. 20 Civ. 3833 (JPC), 2021 WL 4207050 (S.D.N.Y. Aug. 27, 2021). The Commission eventually served Mikkelsen on October 19, 2021 in a manner that complied with Article 6 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents and Chapter 17 of the Danish Administration of Justice Act. *See* Dkt. 57. As the Court concluded at the January 24, 2022 default judgment hearing, this method of service complied with Rule 4(f)(1) of the Federal Rules of Civil Procedure. 1/27/22 Tr. at 12-13; *see also* Dkt. 58.

At the January 24 default judgment hearing, the Court found that service of the Summons and Complaint was proper and that Mikkelsen had notice of the filing of this action against him and of that day's hearing.  1/27/22 Tr. at 15-16.  The Court further accepted as true the well-pleaded allegations of the Complaint, including the allegations that Mikkelsen engaged in a fraudulent scheme to solicit and misappropriate money from his investors, that he made or caused to be made a website with false information about his business and performance histories, that his investors lost close to $1.2 million, and that he acted as an unregistered Commodity Trading Advisor.  *Id.* at 16-17.  Accordingly, the Court concluded "that the well-pleaded allegations demonstrate that Mr. Mikkelsen . . . committed fraud in connection with off-exchange foreign currency contract transactions, he failed to register as a commodity trading advisor, and he committed fraud by a [C]ommodity [T]rading [A]dvisor."  *Id.* at 16-17.  The Court thus explained that it would enter judgment on liability against Mikkelsen and enter a permanent injunction and restitution in the amount sought by the Commission.  *Id.* at 17-20.  The Court also ordered the Commission to file a supplemental submission concerning its requested civil monetary penalty, including whether the Court should consider Mikkelsen's ability to pay in assessing the appropriate penalty.  *Id.* at 23-24.  The Commission made that supplemental submission on February 7, 2022.  *See* Dkt. 77.

As noted, the Commission seeks $3,573,860.61 (*i.e.*, triple the monetary gain) in civil penalties.  The CEA authorizes civil penalties "in the amount of not more than the greater of $100,000 or triple the monetary gain to the person for each violation."  7 U.S.C. § 13a-1(d)(1)(A).  This $100,000-per-violation cap is periodically adjusted for inflation per the Inflation Adjustment Act of 1990.  *See* 17 C.F.R. § 143.8.

Sanctions under the CEA, such as civil monetary penalties, should be calculated "to further the CEA's remedial policies and to deter others in the industry from committing similar violations."

*Reddy v. CFTC*, 191 F.3d 109, 123 (2d Cir. 1999) (quotations and alteration omitted). So "[i]n determining an appropriate penalty, a court considers the general seriousness of the CEA violation as well as any particular mitigating or aggravating circumstances that exist." *CFTC v. Fan Wang*, 261 F. Supp. 3d 383, 388 (S.D.N.Y. 2017) (quotations and alteration omitted). Factors that courts consider to determine the general seriousness of the violation include "(1) the relationship of the violation at issue to the regulatory purposes of the Act; (2) respondent's state of mind; (3) the consequences flowing from the violative conduct; and (4) respondent's post-violation conduct." *CFTC v. 4X Sols., Inc.*, No. 13 Civ. 2287 (RMB) (FM), 2015 WL 9943241, at *3 (S.D.N.Y. Dec. 28, 2015) (quotations omitted), *report and recommendation adopted,* 2016 WL 397672 (S.D.N.Y. Jan. 29, 2016). A mitigating factor that courts "generally . . . consider [is] what a defendant can realistically pay." *Fan Wang*, 261 F. Supp. 3d at 389; *accord CFTC v. Park*, No. 16 Civ. 4120 (VEC), 2018 WL 6324810, at *4 (S.D.N.Y. Dec. 3, 2018).

Mikkelsen's egregious conduct and the harm he caused his victims warrant imposing the maximum civil penalty of $3,573,860.61. For at least two years, Mikkelsen engaged in a fraudulent scheme, which entailed him stealing over $1.1 million from 106 victims. Dkt. 77 at 3. He then tried to hide the scheme by creating a false website and fake account statements. *Id*. Since the scheme was discovered, Mikkelsen has changed his name, has not responded to client inquiries, has shown no remorse, and has not tried to return the stolen funds. *Id.* And because Mikkelsen has failed to appear in this litigation, he has offered no basis for "why [he] should be treated leniently," such as him claiming that he lacks the resources to pay the penalty. *4X Sols., Inc.*, 2015 WL 9943241, at *4; *see also SEC v. Amerindo Inv. Advisors Inc.*, No. 05 Civ. 5231 (RJS), 2014 WL 2112032, at *13 (S.D.N.Y. May 6, 2014) ("[T]he . . . Defendants have defaulted and therefore have not made any showing that their financial condition justifies a reduced fine."), *aff'd sub nom.*, 639

F. App'x 752 (2d Cir. 2016); *SEC v. GTF Enterprises, Inc.*, No. 10 Civ. 4258 (RA), 2015 WL 728159, at *5 (S.D.N.Y. Feb. 19, 2015) ("[T]here is no basis for reducing the penalty because [the defendants] have not appeared to defend themselves and thus cannot demonstrate any financial hardship."). Under these circumstances, triple monetary penalties are appropriate. *See CFTC v. Wright*, No. 17 Civ. 4722 (LTS) (DCF), 2018 WL 6437055, at *5 (S.D.N.Y. Dec. 7, 2018) ("Courts in this circuit have imposed the treble amount in cases involving egregious and intentional fraudulent conduct.").

The Court will enter the judgment by separate order. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 22, 2022
New York, New York

                                                JOHN P. CRONAN
                                         United States District Judge