```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                  :
COMMODITY FUTURES TRADING COMMISSION,             :
                                                  :
                          Plaintiff,              :
                                                  :       20 Civ. 3833 (JPC)
         -v-                                      :
                                                  :       FINAL JUDGMENT
CASPER MIKKELSEN, also known as Carsten Nielsen,  :
also known as Brian Thomson, also known as Thomas :
Jensen, also known as Casper Muller,              :
                                                  :
                          Defendant.              :
                                                  :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

For the reasons stated on the record at the January 24, 2022 default judgment hearing, *see* Dkt. 57, and those given in today's Order accompanying this Final Judgment ("Judgment"), the Court orders that:

1. Under section 6c of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 13a-1, Casper Mikkelsen is permanently restrained, enjoined, and prohibited from directly or indirectly:

    a. In or in connection with any order to make, or the making of, any contract for sale of any commodity for future delivery that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market: to cheat or defraud or attempt to cheat or defraud the other person; willfully to make or cause to be made to another person any false report or statement or willfully to enter or cause to be entered for the other person any false record; or willfully to deceive or attempt to deceive the other person by any means whatsoever in regard to any order or contract of the disposition or execution of any

order or contract, or in regard to any act of agency performed with respect to an order or contract for or, in the case of paragraph (2), with the other person, in violation of section 4b(a)(2)(A), (B), and (C) of the CEA, 7 U.S.C. § 6b(a)(2)(A), (B), (C), or in connection with any retail forex transaction, in violation of Commodity Futures Trading Commission ("Commission") Regulation 5.2(b), 17 C.F.R. § 5.2(b);

   b. Making use of the mails or any other means or instrumentality of interstate commerce in connection with his business as Commodity Trading Advisor ("CTA"), while failing to register with the Commission as a CTA, in violation of section 4m(1) of the CEA, 7 U.S.C. § 6m(1), and Commission Regulation 5.3(a)(3), 17 C.F.R § 5.3(a)(3)(i); and

   c. While acting as CTA, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly employing a device, scheme, or artifice to defraud any client or participant or prospective client or participant; or engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant, in violation of section 4$o$(1) of the CEA, 7 U.S.C. § 6$o$(1).

2. Casper Mikkelsen is also permanently restrained, enjoined, and prohibited from directly or indirectly:

   a. Trading on or subject to the rules of any registered entity (as that term is defined in section 1a(40) of the CEA, 7 U.S.C. § 1a(40));

   b. Entering into any transactions involving "commodity interests" (as that term is defined in Commission Regulation 1.3(yy), 17 C.F.R. § 1.3(yy)) for his own

      personal account or for any account in which he has a direct or indirect interest;

   c. Having any commodity interests traded on his behalf;

   d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

   e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

   f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9); and

   g. Acting as a principal (as that term is defined in Commission Regulation 3.1(a), 17 C.F.R. § 3.1(a)), an agent, or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)) registered, exempted from registration, or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).

3. Casper Mikkelsen shall pay restitution in the amount of $1,191,286.87, to the clients identified in Exhibit 1 of the Declaration of Senior Futures Trading Investigator Judith M. Slowly, dated December 16, 2021, Dkt. 71 ("Slowly Declaration"). This obligation shall be referred to herein as the "Restitution Obligation." If the Restitution Obligation is not paid immediately, post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Judgment pursuant to 28 U.S.C.

§ 1961.

4. To effect payment of the Restitution Obligation and the distribution of any restitution payments to Casper Mikkelsen's clients, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall receive restitution payments from Casper Mikkelsen and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

5. Casper Mikkelsen shall make Restitution Obligation payments, and any post-judgment payments, under this Judgment to the Monitor in the name of "DEFENDANT CASPER MIKKELSEN–RESTITUTION Fund" and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, with a cover letter that identifies the payer as Casper Mikkelsen and the name and docket number of this proceeding. Casper Mikkelsen shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

6. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Casper Mikkelsen's clients identified in Exhibit 1 of the Slowly Declaration or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount

of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible clients is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth below.

7. Casper Mikkelsen shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate regarding Casper Mikkelsen's clients to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Casper Mikkelsen shall execute any documents necessary to release funds that he has in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

8. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Casper Mikkelsen's clients during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

9. The amounts payable to each client identified in Exhibit 1 of the Slowly Declaration shall not limit the ability of that client from proving a greater amount is owed from Casper Mikkelsen or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any client that exist under state or common law.

10. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each client identified in

Exhibit 1 of the Slowly Declaration who suffered a loss is explicitly made an intended third-party beneficiary of this Judgment and may seek to enforce obedience of this Judgment to obtain satisfaction of any portion of the restitution that has not been paid by Casper Mikkelsen to ensure continued compliance with any provision of this Judgment and to hold Casper Mikkelsen in contempt for any violations of any provision of this Judgment.

11. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Casper Mikkelsen's Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

12. Casper Mikkelsen shall pay a civil monetary penalty in the amount of $3,573,860.61 ("CMP Obligation"). If the CMP Obligation is not paid immediately, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Judgment pursuant to 28 U.S.C. § 1961.

13. Casper Mikkelsen shall pay his CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd. HQ Room 181
> Oklahoma City, OK 73169
> (405) 954-6569 office
> (405) 954-1620 fax
> 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Casper Mikkelsen shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Casper Mikkelsen shall accompany payment of the CMP Obligation with a cover letter that identifies Casper Mikkelsen and the name and docket number of this proceeding. Casper Mikkelsen shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

14. Partial Satisfaction: Acceptance by the Commission or the Monitor of any partial payment of Casper Mikkelsen's Restitution Obligation or CMP Obligation shall not be deemed a waiver of his obligation to make further payments pursuant to this Judgment, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

15. Miscellaneous Provisions Notice: All notices required to be given by any provision in this Judgment shall be sent certified mail, return receipt requested, as follows:

    Notice to Commission:

    Manal M. Sultan, Deputy Director
    Division of Enforcement
    Commodity Futures Trading Commission
    140 Broadway, 19th Floor
    New York, NY 10005

    Notice to NFA:

    Daniel Driscoll, Special Policy Advisor
    National Futures Association
    300 S. Riverside Plaza, Suite 1800 Chicago, IL 60606-3447

    All such notices to the Commission or the NFA shall reference the name and docket number of this action.

16. Change of Address or Phone: Until such time as Casper Mikkelsen satisfies in full his

Restitution Obligation and CMP Obligation as set forth in this Judgment, Casper Mikkelsen shall provide written notice to the Commission by certified mail of any change to his telephone number or mailing address within ten calendar days of the change.

17. Invalidation: If any provision of this Judgment or of any Order issued in this case is held invalid, or if the application of any provision or circumstance of this Judgment is held invalid, then the remainder of this Judgment, the affected Order, and the application of the provision to any other person or circumstance shall not be affected by the holding.

18. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Judgment and for all other purposes related to this action, including any motion by Casper Mikkelsen to modify, or for relief from the terms of, this Judgment.

19. Injunction and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Judgment shall be binding upon Casper Mikkelsen, upon any person under the authority or control of Casper Mikkelsen, and upon any person who receives actual notice of this Judgment, by personal service, e-mail, facsimile, or otherwise insofar as he or she is acting in active concert or participation with Casper Mikkelsen.

SO ORDERED.

Dated: February 22, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge